**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Isabel MORENO–LOPEZ, Defendant-Appellant.**

**No. 72–1910.**

United States Court of Appeals, Ninth Circuit.

Sept. 22, 1972.

Anthony S. Deutsch (argued), of Federal Defenders, Inc., San Diego, Cal., for defendant-appellant.

Thomas Coffin (argued), Stephen G. Nelson Asst. U. S. Attys., Harry D. Steward, U. S. Atty., San Diego, Cal., for plaintiff-appellee.

Before HUFSTEDLER and WRIGHT, Circuit Judges, and LUCAS,* District Judge.

---

* Honorable Malcolm M. Lucas, United States District Judge, Central District of California, sitting by designation.

PER CURIAM:

On this appeal, the only question before us is whether appellant knowingly, intelligently, and voluntarily waived her *Miranda* rights. We hold that she did, and that her motion to suppress was properly denied.

Appellant was the driver and sole occupant of a motor vehicle entering this country from Mexico. Customs inspectors detected marijuana secreted in the fuel tank but allowed appellant to proceed under surveillance. Shortly thereafter she was stopped and arrested, the marijuana was seized and appellant was warned of her rights but not questioned.

Fifteen minutes later appellant was again warned of her rights. The agent giving the warning learned at that time that she was 19, had attended high school in the United States and spoke English well. She gave no response to a query from an agent asking her if she had any questions concerning her rights, but she did indicate that she understood her rights. In response to subsequent questioning by the agents, appellant made the statements which, upon trial, were the subject of a motion to suppress.

Counsel who represented appellant at the trial acknowledged that proper warnings were given without threats or promises and that there was a clear indication that she understood her rights. Her counsel on appeal urges that, in the absence of an express waiver, incriminating statements made during an in-custody interrogation should have been suppressed.

■ An express waiver is not required. Rather, courts must look at the circumstances of each case to determine the validity of a waiver of *Miranda* rights. In United States v. Hilliker, 436 F.2d 101, 102 (9th Cir. 1970) cert. denied 401 U.S. 958, 91 S.Ct. 987, 28 L.Ed.2d 242 (1971), we said:

"Even though the Supreme Court stated that '[a]n express statement that the individual is willing to make a statement and does not want an at-torney followed closely by a statement could constitute a waiver [,]' *Miranda*, 384 U.S. [436] at 475, 86 S.Ct. [1602] at 1628, [16 L.Ed.2d 694] it did not say that these are the only circumstances under which a valid waiver may be found. While the Court, in *Miranda*, emphasized that a valid waiver will not be 'presumed' simply from the silence of the accused after warnings are given or simply from the fact that a confession was in fact obtained, we think a waiver may be implied where warranted under the facts of a particular case."

■ The described circumstances here indicate that appellant knowingly, intelligently, and voluntarily waived her *Miranda* rights at the time she made the inculpatory statements. The trial court did not err in receiving the statements in evidence.

Affirmed.