**Johnny James BLACKMON, Appellee,**

v.

**Stanley BLACKLEDGE, Warden, Central Prison, Raleigh, North Carolina, et al., Appellants.**

**No. 75–1827.**

United States Court of Appeals, Fourth Circuit.

Argued May 3, 1976.

Decided Oct. 1, 1976.

Joan H. Byers, Asst. Atty. Gen., Raleigh, N. C. (Rufus L. Edmisten, Atty. Gen., and Richard N. League, Asst. Atty. Gen., Raleigh, N. C., on brief), for appellants.

Michael K. Curtis, Greensboro, N. C. (Smith, Patterson, Follin, Curtis & James, Greensboro, N. C., on brief), for appellee.

Before HAYNSWORTH, Chief Judge, BUTZNER, Circuit Judge, and WYZANSKI, Senior District Judge.*

HAYNSWORTH, Chief Judge:

Imprisoned in North Carolina upon a sentence imposed after a conviction of murder, Blackmon sought a federal writ of habeas corpus, complaining of receipt in evidence of a confession. The district court granted the writ, and the warden has appealed. We reverse, concluding that Blackmon waived his right to counsel, that the confession was voluntary and that it was properly admitted into evidence.

After an arrest upon another charge, Blackmon was charged with the murder of one Howell. He was promptly informed of all his *Miranda* rights, including his right to have a lawyer present while being questioned, and that the state would provide a lawyer for him if he could not afford one. Blackmon indicated that he understood his rights, but did not request a lawyer or suggest that he would not respond to questioning without the presence of one. He offered no objection to the questioning, though he insisted he knew nothing of the Howell murder.

Blackmon then requested permission to telephone his wife, and this he was permitted to do. He told her of the murder charge and requested her to call his mother and father and to inform his employer that he was sick. He did not ask her to do anything about contacting a lawyer, nor did he undertake to communicate with one.

Later, the sheriff entered the room where Blackmon was and again informed him of his constitutional rights. He also told

---

* Senior District Judge, United States District Court for the District of Massachusetts, *sitting by designation.*

Blackmon that he was going to bring in Craven Turner to talk with him, but again warned Blackmon that Blackmon need not respond to anything Turner might say. Turner was then brought in and in response to questioning, said that he had been at Howell's house, that Johnny Blackmon was with him, and, when asked what had happened, Turner responded that Blackmon had shot Howell. Whereupon Blackmon blurted out, "You say I shot him? Well, I say you shot him." Blackmon then made further incriminating statements, concluding with a full confession in which he admitted participation with Turner in the attempted robbery of Howell, but stated that Howell had been shot by Turner out of Blackmon's presence.

After his first conviction of the murder of Howell, the Supreme Court of North Carolina reversed and ordered a new trial.[1] It read *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, to condition the receipt in evidence of a confession not only upon the giving of the warnings but upon an express waiver by the accused of his rights.

Upon retrial, Blackmon was again convicted after his confession was again received in evidence. This time the Supreme Court of North Carolina affirmed the conviction upon the ground that Blackmon's responses to Turner's accusation were spontaneous and outside the *Miranda* rule.[2]

The district court issued a writ of habeas corpus. It found that Blackmon's statements were not spontaneous, but were the product of the confrontation between Turner and Blackmon, employed by the police as an interrogation tool designed to secure a confession from Blackmon.

We agree with the district court that Blackmon's statements were not spontaneous within the rule of exemption from *Miranda*, but we see no constitutional infirmity in the trial, because the trial court's finding of a waiver of the right to have a lawyer present was clearly correct.

■ Blackmon contends that the State of North Carolina is not free to relitigate the waiver question, that having been finally determined against it by the Supreme Court of North Carolina in the course of the first appeal. Our only jurisdiction, however, is to review federal constitutional questions arising in the course of state criminal trials. We may not hold the admission of a confession to be a violation of a defendant's federal constitutional rights, though we may disagree with the reason assigned by the highest court of the state in upholding the conviction if, for some other reason, it appears that no constitutional violation occurred.

■ In *Miranda* there is language strongly warning against finding waivers on the basis of silent records. Not long after *Miranda*, however, we recognized that this does not mean that a waiver may not be found simply because the accused did not sign a formal printed waiver form. *United States v. Hayes*, 4 Cir., 385 F.2d 375 (1967). The presence or absence of such a written or even an expressed verbal waiver is only one circumstance to be considered. Other circumstances may be much weightier. In *Hayes* itself, we found a waiver of the right to counsel where the accused was physically well and mentally alert when he was reasonably questioned only after having been fully informed of his rights and permitted to make a telephone call. Under such circumstances, a suspect's submission to questioning without objection and without requesting a lawyer is clearly a waiver of his right to counsel, if, indeed, he understands his rights.

A recent case in the Second Circuit is similar to this one. *United States v. Boston*, 2 Cir., 508 F.2d 1171 (1974). In custody in the police station on a charge of robbery of a bank, Boston was fully informed of his rights. He responded to questions, though maintaining his innocence, until a search of an apartment shared by Boston with his sister produced the money stolen from the bank. Confront-

---

1. *State v. Blackmon*, 280 N.C. 42, 185 S.E.2d 123 (1971).

2. *State v. Blackmon*, 284 N.C. 1, 199 S.E.2d 431 (1973).

ed with this evidence in the police station, Boston confessed. Waiver was found in all of the surrounding circumstances, including his knowledge of his rights and his response to questioning without objection or expression of a wish for the presence of a lawyer.

Had Blackmon requested a lawyer, we would have a very different case, as we held in *United States v. Clark,* 4 Cir., 499 F.2d 802. Once such a request is made, questioning ordinarily may not be resumed without the presence of a lawyer. In *Clark,* such questioning was resumed before a lawyer had been obtained, and we held the resulting confession inadmissible.

■ While clearly there was no waiver of the right to counsel in the *Clark* case, there was waiver by implication in this one. Blackmon was twenty-five years old, and had gone through the eleventh grade. He was not without prior experience in criminal matters. In the four hour interval between his arrest and the time of his confession, he was twice informed of his rights, and twice he verbally acknowledged that he understood them. He was permitted to make a telephone call. He never requested a lawyer or suggested in any way that he did not wish to submit to questioning without the presence of a lawyer. Waiver is implicit in such circumstances, for it is quite inconsistent with an assertion of the known right.

Our conclusion finds support generally in cases in addition to those discussed in the text.[3]

Since there was an effective waiver of the right to counsel, there was no violation of any of Blackmon's constitutional rights in the receipt of the confession into evidence. Hence, the writ of habeas corpus was improvidently issued.

*REVERSED.*

---

3. *United States v. Thompson,* 4 Cir., 417 F.2d 196 (1969), *cert. den.* 396 U.S. 1047, 90 S.Ct. 699, 24 L.Ed.2d 692 (1970); *United States v. Cavallino,* 5 Cir., 498 F.2d 1200 (1974); *United States v. Moreno-Lopez,* 9 Cir., 466 F.2d 1205 (1972); *Hughes v. Swenson,* 8 Cir., 452 F.2d 866 (1971); *United States v. Hilliker,* 9 Cir., 436 F.2d 101 (1970), *cert. den.* 401 U.S. 958, 91 S.Ct. 987, 28 L.Ed.2d 242 (1971); *United States v. Ganter,* 7 Cir., 436 F.2d 364 (1970); *United States v. Montos,* 5 Cir., 421 F.2d 215, *cert. den.* 397 U.S. 1022, 90 S.Ct. 1262, 25 L.Ed.2d 532 (1970); *Bond v. United States,* 10 Cir., 397 F.2d 162, *cert. den.* 393 U.S. 1035, 89 S.Ct. 652, 21 L.Ed.2d 579 (1968).