Roger Trenton DAVIS, Appellee,

v.

Jack F. DAVIS, Director, Virginia State Department of Corrections, and R. M. Muncy, Superintendent, Powhatan Correctional Center, Appellants.

No. 77–1782.

United States Court of Appeals, Fourth Circuit.

Heard En Banc April 2, 1979.

Decided June 29, 1979.

Robert H. Herring, Jr., Asst. Atty. Gen., Richmond, Va. (Anthony F. Troy, Atty.

Gen. of Virginia, K. Marshall Cook, Asst. Atty. Gen., Richmond, Va., on brief), for appellants.

Edward L. Hogshire, Charlottesville, Va. (Paxson, Smith, Boyd, Gilliam & Gouldman, P.C., Charlottesville, Va., on brief), and John C. Lowe, Charlottesville, Va. (Charles G. Evans, Anchorage, Alaska, Lowe & Gordon, Ltd., Charlottesville, Va., on brief), for appellee.

Before HAYNSWORTH, Chief Judge, WINTER, BUTZNER, RUSSELL, Circuit Judges, FIELD *, Senior Circuit Judge, and WIDENER, HALL and PHILLIPS, Circuit Judges, sitting en banc.

PER CURIAM:

The petitioner was prosecuted in a court of the Commonwealth of Virginia upon charges of possession of marijuana with the intent to distribute and its distribution. Upon conviction, although less than nine ounces of marijuana were involved in the offenses, the court imposed a fine of $20,000 and a sentence of imprisonment of forty years. The district court concluded that the penalties imposed were so disproportionate to the offenses as to amount to cruel and unusual punishment in violation of the Eighth Amendment to the Constitution of the United States. On that basis, a writ of habeas corpus was awarded, and the Commonwealth of Virginia has appealed.

We affirm for reasons sufficiently stated by the district judge in his opinion. 432 F.Supp. 444 (W.D.Va.1977). This action su-persedes the panel opinion. 585 F.2d 1226 (4th Cir. 1978).

*AFFIRMED.*

WIDENER, Circuit Judge, dissenting, in which dissent he is joined by DONALD RUSSELL and K. K. HALL, Circuit Judges.

I respectfully dissent for the reasons expressed in the opinion of the panel. 585 F.2d 1226 (4th Cir. 1978).

In addition, I should note that I think both the district court and this court have usurped not only the function of a State legislature but also that of a State court and a State jury.

This is the first time, to my knowledge, in the history of Article III courts, that a federal court of appeals [1] has, without invalidating a statute, set aside the sentence of a State court imposing punishment for a term of years plus a fine, within State statutory limitations, as being cruel and unusual, and the error is compounded because the sentence itself, while imposed by the court, was fixed by a jury.

The majority opinion emphasizes, apparently as a principal reason for its decision, that less than nine ounces of marijuana were involved in the drug sale in question (for that is the only reason it gives aside from referring to the opinion of the district court). But, at the same time, it does not mention most relevant facts which were before the State court.[2] Davis was a previ-

---

* Senior Judge Field sat as a member of the *en banc* court, but upon being informed that the third sentence of 28 U.S.C. § 46(c) had been repealed by § 5(a) of the Omnibus Judgeship Act of 1978, withdrew from further participation in the case.

1. *Downey v. Perini,* 518 F.2d 1288 (6th Cir. 1975), set aside an indeterminate sentence for possession and sale of marijuana under Ohio law. Because the court held the minimum sen-tence invalid, I would construe the opinion as invalidating the statute.

It is acknowledged that the Supreme Court has never taken such action.

2. The district court also chose largely to disregard these facts in its opinion, for it mentioned few of them. Its continued emphasis was on "less than nine ounces."

ously convicted seller of drugs (LSD),[3] and known drug dealer who, when apprehended, was in possession of the typical paraphernalia of his vocation. He had sold drugs to the young wife of a prison inmate, who had a baby at home, which is what brought about the instant conviction. The marijuana sold here was being sent with Davis' knowledge into a State prison camp for use by the inmates, as was LSD and another illegal drug which were turned over by Davis for that purpose, at the time of the marijuana purchase, to the purchaser of the marijuana involved in this case.

While I would deny the authority of a federal court to inquire into the amount of Davis' punishment, rather requiring him to attack the statute involved,[4] on the facts of the case at hand, I think it cannot be said that Davis did not merit the punishment awarded, so that as a matter of fact as well as a matter of law his punishment was neither cruel nor unusual within the meaning of the Eighth Amendment.

I think the precedent we set here, setting ourselves up as a super State jury, is not only without legal precedent or authority, in the setting of our "charter of government" I think it is fraught with danger.

---

3. The district court in its opinion points out yet another conviction of Davis, prior to Davis' sentence here, for feloniously distributing marijuana. 432 F.Supp. at 448, n. 1. This marijuana conviction was only *one day* before the search which netted the authorities the 168 grams involved here.

4. The en banc court could have taken this view upon respectable precedent as pointed out in the panel opinion.