Harry L. **WOLKIND**

v.

Willard P. **SELPH.**

**Civ. A. No. 79–0311–R.**

United States District Court,
E. D. Virginia,
Richmond Division.

July 10, 1979.

As Amended Aug. 15, 1979.

J. Flowers Mark, Alexandria, Va., for plaintiff.

John R. Alderman, Asst. Commonwealth's Atty., County of Henrico, Richmond, Va., for defendant.

## MEMORANDUM

WARRINER, District Judge,

On 21 October 1977, upon a plea of not guilty, petitioner Harry L. Wolkind was convicted of violations of Va.Code §§ 18.2–248 and 18.2–250 (Repl.Vol.1975), possession of marijuana with intent to distribute and possession of cocaine. On the marijuana charge he was sentenced to a term of five years, suspended for 20 years on condition that he pay a $1,500.00 fine plus costs and serve nine months in the Henrico County jail. On the cocaine charge he was sentenced to a term of one year, six months of which were suspended, along with a fine of $500.00. These terms were ordered to run consecutively. It was further provided that if, after serving his nine-month term on the marijuana charge, the petitioner's conduct had been good, the Court would consider a motion to suspend the remaining six-months' sentence.

On 2 August 1978 petitioner's appeal to the Supreme Court of Virginia was denied. On 31 August 1978 his petition for a rehearing was likewise denied. His petition for a writ of certiorari to the United States Supreme Court was denied on 19 March 1979.

Harry L. Wolkind then filed a petition in this Court for a writ of habeas corpus on 21 March 1979 pursuant to 28 U.S.C. § 2241.

In his amended petition petitioner challenges his conviction on several grounds: that his Fourth Amendment rights against unreasonable searches and seizures had been violated where police used a drug dog to sniff out contraband in the petitioner's possession when there existed no probable cause to believe petitioner was or had been engaged in such illegal activities; that the petitioner's due process and equal protection rights had been violated by the use and admission into evidence of an allegedly unreliable drug courier "profile"; that both the sentence imposed and the statute authorizing such sentence violated petitioner's Eighth Amendment right against cruel and unusual punishment; that the statutes under which he had been convicted violated petitioner's rights guaranteed under the Ninth and Tenth Amendment and that they further violate his right to due process and equal protection under the Fourteenth Amendment.

On 19 April 1978 the respondent filed his answer and motion to dismiss. For the reasons outlined below respondent's motion to dismiss is granted with respect to all claims except those challenging the statutes under which the petitioner was convicted as violative of his Ninth, Tenth and Fourteenth Amendment rights.

### I

To support his petition for federal habeas corpus relief the petitioner claims his Fourth Amendment rights had been violated in that the drug dog's sniffing conduct constituted a "search" and that such search had been conducted without probable cause. The United States Supreme Court has recently announced, however, that where a state judicial system provides the opportunity for "full and fair consideration of [a petitioner's] search-and-seizure claim," a federal court is not required to reconsider the issue as a basis for habeas corpus relief. *Stone v. Powell*, 428 U.S. 465, 486, 96 S.Ct. 3037, 3048, 49 L.Ed.2d 1067 (1976). The State of Virginia provides one accused of a crime both the right to a trial, and the right, thereafter, to seek appellate

review of such trial. Va.Code §§ 19.2–241, 19.2–317 (Cum.Supp.1978). That appellate review is not granted as a matter of right does not violate petitioner's Fourteenth Amendment right to due process. *Griffin v. Illinois*, 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891 (1956); *Saunders v. Reynolds*, 214 Va. 697, 204 S.E.2d 421 (1974). The right to a trial coupled with the right to seek an appeal provided under Virginia law thus satisfies the "fair opportunity" requirement of *Stone v. Powell*. *Dipaola v. Riddle*, 581 F.2d 1111 (4th Cir. 1978); *Doleman v. Muncy*, 579 F.2d 1258 (4th Cir. 1978). Since the petitioner has alleged no facts indicating he personally was denied the opportunity to fully assert these rights, he may not raise such a claim as a basis for habeas corpus relief in this Court.

## II

The petitioner next asserts that the Court's failure to suppress evidence of the allegedly unreliable drug courier "profile" also supports his petition for a writ of habeas corpus. He claims the use and admission of this "profile" violated his Fifth and Fourteenth Amendment rights to due process and equal protection.

■ The admissibility of evidence in a State court prosecution is a matter of State law. Habeas corpus relief is normally not a proper remedy for correcting trial procedures unless such errors infringe upon the petitioner's constitutional rights *in the course of the trial itself*. *Hill v. United States*, 368 U.S. 424, 82 S.Ct. 468, 7 L.Ed.2d 417 (1962); *Chandler v. Maryland*, 360 F.Supp. 305 (D.Md.1972). *See also Blackmon v. Blackledge*, 541 F.2d 1070 (4th Cir. 1976). Thus the ruling in *Stone v. Powell* does not preclude consideration of a federal habeas corpus claim that the defendant's trial was conducted in such a way as to violate his rights to due process and equal protection. *See Swicegood v. Alabama*, 577 F.2d 1322 (5th Cir. 1978); *United States ex rel. Sanders v. Rowe*, 460 F.Supp. 1128 (N.D.Ill.1978).

The petitioner cites *Swicegood* to support his contention that his due process claim is not precluded by *Stone v. Powell*. However this Court finds that *Swicegood* is not applicable here.

In that case the due process challenge was against the introduction of an identification which had been admitted to establish the defendant's guilt. The defendant had claimed that the lineup procedure was unduly suggestive, that the identification obtained thereby was necessarily unreliable, and that its introduction into evidence consequently violated his right to a fair trial. The Court found that since this "claim relate[d] not to the validity of the arrest but rather to the suggestiveness of the lineup, . . . *Stone* [was] no bar to consideration of this alleged violation of due process." *Swicegood v. Alabama*, 577 F.2d 1322, 1325 (5th Cir. 1978).

■ In the petitioner's case, however, he argued in the State trial court that the profile was unreliable and should therefore be excluded from evidence. He claimed that its use would violate his procedural due process rights in that the profile did not provide sufficient probable cause to justify the search and seizure subsequently conducted. Petitioner's due process claim therefore was inextricably intertwined with his Fourth Amendment claim—one going directly towards the validity of his arrest, rather than one which had affected the course of the trial itself. Consequently, *Stone v. Powell* rather than *Swicegood* is applicable, and thus consideration of this claim by a federal court on a petition for habeas corpus is improper.

■ Additionally, the petitioner alleges that use of this drug courier "profile" violated his right to travel unimpeded. *See Memorial Hospital v. Maricopa County*, 415 U.S. 250, 94 S.Ct. 1076, 39 L.Ed.2d 306 (1974). However, it is totally unnecessary for this Court to determine the merits of this contention since such a violation does not form a basis for habeas corpus relief. Rather, this claim is cognizable only upon an action for damages and injunctive relief based on § 1983.

## III

The petitioner challenges both the statutes authorizing his sentence (Va.Code §§ 18.2–248, 18.2–250 (Repl.Vol.1975)) and the sentence actually imposed as violative of his Eighth Amendment right against cruel and unusual punishment.

It is well settled that the ban of the Eighth Amendment is applicable to the States through the Fourteenth. *Furman v. Georgia*, 408 U.S. 238, 92 S.Ct. 2726, 33 L.Ed.2d 346 (1972); *Robinson v. California*, 370 U.S. 660, 82 S.Ct. 1417, 8 L.Ed.2d 758 (1962). Punishments which, either by their excessive length or severity, are greatly disproportionate to the offenses committed are deemed unconstitutional. *Hart v. Coiner*, 483 F.2d 136 (4th Cir. 1973), *cert. denied*, 415 U.S. 938, 94 S.Ct. 1454, 39 L.Ed.2d 495 (1974).

It is difficult to determine the scope of the Eighth Amendment prohibition. A range of punishments running from a day in jail to 40 years in prison for the same offense may give rise to unusual punishment. However, the State is allowed discretion in formulating its own legislative policies regarding the appropriate punishment for offenses. The federal court's inquiry is limited to whether the punishment rises to such excessiveness as to violate the constitutional prohibition against those which are "cruel and unusual." *Hall v. McKenzie*, 537 F.2d 1232 (4th Cir. 1976); *Roberts v. Collins*, 404 F.Supp. 119 (D.Md.) aff'd., 544 F.2d 168 (4th Cir. 1976), *cert. denied*, 430 U.S. 973, 97 S.Ct. 1663, 52 L.Ed.2d 368 (1977).

### A. Challenge to Sentence Actually Imposed.

The sentences imposed upon the petitioner here clearly fall within the limits authorized by the statutes providing punishment for the offense committed. Despite that it is recognized that a sentence for a term of years even where within the statutory limits, can be so disproportionate to the offense committed as to constitute an Eighth Amendment violation. *See Davis v. Zahradnick*, 432 F.Supp. 444 (W.D.Va.1977)

aff'd *per curium sub nom. Davis v. Davis*, 601 F.2d 153 (1979) (en bank). However, as in all Eighth Amendment challenges, only where the sentence petitioner has been required to serve is so grossly disproportionate to the offense committed as to shock the conscience of the Court will it be struck down as unconstitutional. In making this determination the Court must consider the petitioner's particular circumstances. *Davis v. Zahradnick*, supra.

We are unable to say that the sentence imposed in this case rises to a constitutional violation. The petitioner had been previously convicted of possession of marijuana and sentenced to a year's probation. Apparently this punishment was not sufficiently severe to deter him from continuing to engage in illegal activities, the trial court having now found him guilty of possessing a very large quantity of this drug. Therefore, the judgment of the Court in imposing a fine and incarceration, being within the State's statutory limits, does not involve petitioner's Eighth Amendment rights. Respondent's motion to dismiss as to this claim for habeas corpus relief is thus granted.

### B. Challenge to Statute on Its Face.

Although this specific issue has not been previously decided by the Fourth Circuit, other circuits have ruled that a petitioner lacks standing to attack a statute authorizing imposition of his sentence unless he demonstrates that the sentence actually imposed on him is itself an Eighth Amendment violation. *United States v. Washington*, 578 F.2d 256 (9th Cir. 1978). *See also, United States v. Walden*, 578 F.2d 966 (3rd Cir. 1978). We agree with this view, it being in harmony with the general rule that a defendant may not challenge a statute as unconstitutional in some of its reaches unless the statute had been unconstitutionally applied as to him. *Broadrick v. Oklahoma*, 413 U.S. 601, 93 S.Ct. 2908, 37 L.Ed.2d 830 (1973); *United States v. Raines*, 362 U.S. 17, 80 S.Ct. 519, 4 L.Ed.2d 524 (1960).

Since the sentence imposed has been found in compliance with the constitutional mandate against cruel and unusual punishments, the petitioner has no standing to attack the validity of the statute as a whole.

## IV

Lastly the petitioner asserts that the statutes under which he was convicted violate his rights under the Ninth and Tenth Amendments and further violate his due process and equal protection rights under the Fourteenth Amendment. The respondents moved to dismiss on the grounds that as to these issues, the petitioner has failed to exhaust his State court remedies. Because the petitioner, while advancing these claims extensively at trial, merely referred to such matters in his petition for appeal, respondent contends the exhaustion requirement of 28 U.S.C. § 2254(b) had not been satisfied. Respondent does admit, however, that the factual issues had been fully developed at the trial and no further evidentiary hearing is necessary to resolve the petitioner's contentions. This Court therefore finds the respondent's exhaustion contentions untenable. So long as the facts pertinent to the petitioner's claims were fully developed at trial such that the State appellate court is enabled to rule on the issues presented without the need for further factual inquiry, the issues are considered properly presented and the requirement of State court exhaustion satisfied. *Thompson v. Peyton*, 406 F.2d 473 (4th Cir. 1968). Since the State appellate court, having had access to the trial records, had an opportunity to correct any alleged constitutional errors as to these issues, that it did not specifically rule on the merits of these claims does not bar the petitioners from thereafter asserting them in this Court as a basis for federal habeas corpus relief. *See Picard v. Connor*, 404 U.S. 270, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971); *Eaton v. Wyrick*, 528 F.2d 477 (8th Cir. 1975).

Accordingly, the respondent's motion to dismiss as to these issues is denied.

The merits of petitioner's Ninth, Tenth and Fourteenth Amendment claims is therefore ripe for decision. Let the pleading go forward on the merits.