John Paul **JONES**, Jr., Appellant,

v.

K. R. **PURVIS**, Appellee.

No. 78–6046.

United States Court of Appeals, Fourth Circuit.

Argued March 4, 1980.

Decided April 7, 1981.

Ralph S. Spritzer, Philadelphia, Pa., for appellant.

Jerry P. Slonaker, Asst. Atty. Gen., Richmond, Va. (Marshall Coleman, Atty. Gen. of Va., Richmond, Va., on brief), for appellee.

Before HAYNSWORTH, Chief Judge, and WIDENER and SPROUSE, Circuit Judges.

PER CURIAM:

Jones was convicted in a state court of possession with intent to distribute some twenty-one pounds of marijuana. After exhausting state remedies, he sought federal habeas corpus relief on the ground that the sentence imposed upon him of twenty years and a fine of $10,000 was so disproportionate as to amount to cruel and unusual punishment.

We considered a somewhat similar claim in *Davis v. Davis*, 601 F.2d 153 (4th Cir. 1979). Our grant of relief in that case was vacated by the Supreme Court and the case remanded for reconsideration in light of *Rummel v. Estelle*, 445 U.S. 263, 100 S.Ct. 1133, 63 L.Ed.2d 382 (1980). Upon reconsideration, the district court's judgment granting habeas relief was affirmed by an equally divided *en banc* court. *Davis v. Davis*, 646 F.2d 123 (4th Cir. 1980).

This panel need not consider the question unresolved in *Davis* for, under any view that one might take of *Rummel*, Jones would be entitled to no relief. The claim that Jones asserts is simply less substantial than that advanced by Davis.

Davis was not a pleasant fellow. He had a prior record of drug offenses. He clearly appears to have been a dealer, though his conviction was based upon evidence of possession and of intent to distribute only a small quantity of marijuana. Jones had no prior record of drug offenses, but the large quantity of marijuana in his possession clearly shows that he, too, was a dealer. There were some other aggravating circumstances in *Davis* known to the judge when he ordered the two twenty-year sentences to run consecutively for a total of forty years, but Jones received a maximum sentence of only twenty years.

The twenty-year sentence and $10,000 fine imposed upon this dealer in substantial quantities of marijuana is so well within the statutory authorization that, whatever the ultimate impact of *Rummel* upon the earlier precedents in this court may be held to be, we conclude that Jones has shown no violation of the Eighth Amendment.

AFFIRMED.

WIDENER, Circuit Judge, concurs in the result.