COURT OF APPEALS OF VIRGINIA


Present:  Judge Bray, Senior Judges Duff and Overton
Argued at Alexandria, Virginia


LAWRENCE P. MEDICI

                                        MEMORANDUM OPINION[*] BY
v.    Record No. 0527-98-4           JUDGE RICHARD S. BRAY
                                              MAY 25, 1999
COMMONWEALTH OF VIRGINIA


              FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
                       David T. Stitt, Judge

          Jennifer A. Hess Smith, Assistant Public
          Defender, for appellant.

          Daniel J. Munroe, Assistant Attorney General
          (Mark L. Earley, Attorney General, on brief),
          for appellee.


     A jury convicted Lawrence P. Medici (defendant) of rape,

second or subsequent offense, sodomy by cunnilingus, second

offense, sodomy by fellatio, second or subsequent offense, and

attempted anal sodomy.  On appeal, defendant complains that the

trial court erroneously (1) permitted the Commonwealth to

introduce evidence of prior rape convictions, (2) refused to

permit a stipulation to such convictions, (3) denied a motion to

dismiss the indictment because it did not specify an offense,

(4) declined to strike two venirepersons for cause, (5) ruled

that Code § 18.2-67.5:3 was constitutional, (6) admitted

_____

     [*]Pursuant to Code § 17.1-413, recodifying Code § 17-116.010,
this opinion is not designated for publication.

evidence previously ruled inadmissible, and (7) found the evidence sufficient to support the sodomy by cunnilingus conviction.  Finding no error, we affirm the convictions.

The parties are fully conversant with the record, and this memorandum opinion recites only those facts necessary to a disposition of the appeal.

The victim, Pauline Finn, was acquainted with defendant as her supplier of illicit drugs.  On the evening of May 21, 1997, defendant telephoned Finn and advised that "he had an amazing amount of cocaine . . . and . . . [she] should come over."  Finn went to defendant's home the following morning, was admitted by defendant, and observed a mirror covered with white powder in the basement area of the house.  As Finn scrutinized the white substance, defendant ordered that she remove her clothing.  Finn initially refused, but complied after noticing that defendant was armed with a knife.  Defendant subsequently forced Finn to engage in fellatio, cunnilingus, and sexual intercourse, and attempted anal sodomy.  Finn immediately reported the incident to her "high school guidance counselor," and defendant was subsequently charged and convicted for the instant offenses.

I.

Defendant first argues that, during the guilt phase of his bifurcated trial, the trial court improperly admitted evidence of prior rape convictions in California.

-

> Although . . . evidence of other crimes is inadmissible if relevant only to show a probability of guilt or a propensity for criminal conduct, evidence of other crimes "is properly received if it is relevant and probative of an issue on trial, such as an element of the offense charged or the required predicate for enhanced punishment."

Berry v. Commonwealth, 22 Va. App. 209, 213, 468 S.E.2d 685, 687 (1996) (quoting Pittman v. Commonwealth, 17 Va. App. 33, 35, 434 S.E.2d 694, 695 (1993)). "A prior conviction is used for 'sentence enhancement' when it is admitted . . . during a trial to convict a defendant of violating a 'recidivist statute,' i.e., a statute that criminalizes the commission of a successive violation of a particular offense . . . ." Harris v. Commonwealth, 26 Va. App. 794, 803, 496 S.E.2d 165, 169 (1998) (citations omitted). "When sentence enhancement is an issue, the Commonwealth has the burden of proving the existence of defendant's prior, valid convictions . . . ." Id.

This Court has previously approved evidence of prior convictions during the Commonwealth's case-in-chief in prosecutions under Code § 18.2-248 (second or subsequent offense for manufacturing, selling, giving, distributing or possessing with intent to manufacture, sell, give or distribute a controlled substance), Code § 18.2-104 (second or subsequent offense for misdemeanor larceny), and Code § 18.2-270 (second or subsequent offense for driving while intoxicated). See Berry, 22 Va. App. at 213-14, 468 S.E.2d at 687 (Code § 18.2-248);

-

Pittman, 17 Va. App. at 35, 434 S.E.2d at 695 (Code § 18.2-104); Farmer v. Commonwealth, 10 Va. App. 175, 180-81, 390 S.E.2d 775, 777-78 (1990), aff'd en banc, 12 Va. App. 337, 404 S.E.2d 371 (1991) (Code § 18.2-270).

Code § 18.2-67.5:3 prescribes an enhanced punishment for subsequent convictions of certain felonious sexual assault offenses, including rape. Thus, evidence of a prior conviction was necessary to prove the subject rape as a subsequent offense, and, therefore, properly admitted during the guilt phase of trial. To protect defendant from any attendant prejudice, the court appropriately instructed the jury not to consider the prior convictions as evidence that defendant committed the instant offense.

Defendant further argues that the prior rape convictions were inadmissible because the California statute is not "substantially similar" to Code § 18.2-61. See Code § 18.2-67.5:3[1]; Cox v. Commonwealth, 13 Va. App. 328, 329-31, 411 S.E.2d 444, 445-46 (1991). In support of his assertion, he notes that Calf. Code § 261 criminalizes a range of conduct, including acts that are not violations of Virginia law.

The record discloses that the prior convictions in issue resulted from rapes in violation of Calf. Code § 261(2), which

---

[1]Code § 18.2-67.5:3(C) provides that, "[f]or purposes of this section, prior convictions shall include (i) adult convictions for felonies under the laws of any state or the United States that are substantially similar to those listed in

-

prohibits "an act of sexual intercourse accomplished with a person not the spouse of the perpetrator, . . . (2) [w]here it is accomplished against a person's will by means of force or fear of immediate and unlawful bodily injury on the person of another."  Virginia Code § 18.2-61 provides, in pertinent part, that "[i]f any person has sexual intercourse with a complaining witness who is not his or her spouse . . . and such act is accomplished (i) against the complaining witness's will, by force, threat or intimidation of or against the complaining witness or another person, . . . he or she shall be guilty of rape."

We acknowledge that the Calf. Code § 261 proscribes acts not embraced by Virginia's statute; however, "'only that prohibition of the other state's law under which the person was convicted must substantially conform [to Code § 18.2-61].'" Honaker v. Commonwealth, 19 Va. App. 682, 684, 454 S.E.2d 29, 30 (1995) (quoting Cox, 13 Va. App. at 331, 411 S.E.2d at 446). Clearly, the specific California convictions before the court resulted from violations of a statute that substantially conforms to Code § 18.2-61, and, therefore, provided a proper predicate to the instant conviction for rape as a second or subsequent offense.

---

subsection B."

-

Defendant also argues that the prior rape convictions were inadmissible because the attendant orders were not properly authenticated. In support of his contention, defendant relies upon Carroll v. Commonwealth, which held an order not properly authenticated because there was no evidence that the person attesting was "authorized by law to act in the place of the clerk."[2] 10 Va. App. 686, 691, 396 S.E.2d 137, 139 (1990).

Here, defendant's prior convictions carried a stamp: "Allen Slater, Executive Officer and Clerk of the Superior Court of the State of California, in and for the County of Orange." The order was impressed with the Orange County Superior Court seal, and the signature of Flora L. Perez appears in a space designated "Deputy." Thus, "'it plainly can be gathered from the . . . attestation . . . that [Ms. Perez] is the deputy clerk of [Orange] county, authorized by law to act in place of [her] principal,'" properly authenticating the document. Id. at 690, 396 S.E.2d at 139-40 (quoting Hurley v. Charles, 112 Va. 706, 710, 72 S.E. 689, 690-91 (1911)).

---

[2]In Carroll, the order contained the following:

> A COPY TESTE:
> WALTON F. MITCHELL, JR., CLERK
> CRAIG COUNTY CIRCUIT COURT
> BY /s/ Peggy B. Elmore

10 Va. App. at 688, 396 S.E.2d at 138.

-

## II.

Defendant next complains that the trial court erred in refusing to accept his offer to stipulate to the prior convictions, if convicted, during the sentencing phase of trial. However, it is well settled that the Commonwealth "is not obliged to enter into an agreement whereby it is precluded from putting on its evidence simply because the defendant is willing to make a qualified stipulation." Glover v. Commonwealth, 3 Va. App. 152, 162, 348 S.E.2d 434, 441 (1986), aff'd, 236 Va. 1, 372 S.E.2d 134 (1988); see Spencer v. Commonwealth, 240 Va. 78, 91, 393 S.E.2d 609, 617 ("A defendant in a criminal case may not preclude the Commonwealth from introducing otherwise admissible evidence by offering to stipulate the facts which the evidence would show."), cert. denied, 498 U.S. 908 (1990).

## III.

Defendant argues that the trial court erred in refusing to set aside the verdict because the indictment failed "to set forth a crime" in Virginia. However, defendant first raised this issue after the jury had rendered the verdict. Defendant was clearly apprised of the cause and nature of the offense, raised a vigorous defense at trial, and fully addressed the relevant issues. However, defendant failed to challenge the form or validity of the indictment, or any attendant defect or omission, prior to verdict. He, therefore, "waived his right to be more fully advised of 'the cause and nature of his

-

accusation,'" and the trial court did not err in denying the motion. McDougal v. Commonwealth, 212 Va. 547, 549, 186 S.E.2d 18, 20 (1972) (citation omitted).

## IV.

Defendant next assigns error to the trial court's refusal to strike jurors Bennett and Lundquist for cause.

"The right to a trial by an impartial jury is guaranteed . . . ." Gosling v. Commonwealth, 7 Va. App. 642, 645, 376 S.E.2d 541, 543 (1989) (citations omitted). "Through voir dire and other competent evidence, the trial court must examine the venirepersons for signs of a mind set that would prevent or substantially impair the performance of the duties of a juror in accordance with his instructions and his oath." Swanson v. Commonwealth, 18 Va. App. 182, 185, 442 S.E.2d 702, 704 (1994) (citation and internal quotations omitted).

"The partiality or impartiality of an individual juror is a factual issue best determined by the trial court." Watkins v. Commonwealth, 229 Va. 469, 480, 331 S.E.2d 422, 431 (1985) (citation omitted), cert. denied, 475 U.S. 1099 (1986). "Because the trial judge has the opportunity . . . to observe and evaluate the apparent sincerity, conscientiousness, intelligence, and demeanor of prospective jurors first hand, the trial court's exercise of judicial discretion in deciding challenges for cause will not be disturbed on appeal," absent manifest error. Pope v. Commonwealth, 234 Va. 114, 123-24, 360

-

S.E.2d 352, 358 (1987) (citation omitted), cert. denied, 485 U.S. 1015 (1988).  Thus, "we must consider the 'voir dire as a whole, . . .' according the appropriate 'deference to the trial court's decision.'"  Swanson, 18 Va. App. at 186, 442 S.E.2d at 704 (citations omitted).

During voir dire, defense counsel inquired of the venire "whether any of you, or your close friends, or relatives, have been the victim of a crime."  After Ms. Bennett responded that her husband had been murdered, counsel proffered that the suspect in the murder was represented by the Public Defender's Office, also counsel for defendant, and moved to strike her for cause.

However, in response to further inquiry by the Commonwealth, Ms. Bennett assured that she could set aside issues relating to the murder when hearing the evidence in the instant prosecution, would not be influenced by the role of the Public Defender, and could be fair and impartial, guided by the evidence and instructions.  Noting that Ms. Bennett "was very adamant that she could be objective in this case," the court denied defendant's motion to strike her for cause, a decision supported by the record.

Mr. Lundquist, also challenged by defendant, responded affirmatively on voir dire when defendant asked, "Do you think that if you heard testimony from a Police Officer that you think he would be more credible, or more believable, simply because he

-

is a Police Officer?" During further questioning, counsel read a jury instruction to Mr. Lundquist, which addressed the jury's role in assessing "the facts, the credibility of the witnesses, and the weight of the evidence," and Mr. Lundquist responded, "See, all that gobble-de-gook; the Police Officer would have higher credibility, I suppose, based on his title and role," prompting counsel's motion to strike Mr. Lundquist for cause. However, when examined by the court to clarify his responses, Mr. Lundquist explained that his comments simply recognized a police officer as a "trained observer," without attributing greater "credibility" to such testimony.

The trial court denied defendant's motion to strike Mr. Lundquist, commenting that,

> I think once we got the semantics straightened out about what we were talking about, I think he was talking about what Police Officers are trained observers, and he flat out said that he could put Police Officers and lay witnesses on an even footing in terms of credibility, and even thought that Police Officers could be untruthful.

We recognize that, "[a]lthough jurors have a right and a duty to determine the credibility of witnesses in a particular case, giving unqualified credence to the testimony of a law enforcement officer based solely on the officer's official status constitutes impermissible bias." Gosling, 7 Va. App. at 645, 376 S.E.2d at 544 (citing Mullis v. Commonwealth, 3 Va. App. 564, 571, 351 S.E.2d 919, 923 (1987)). Here, however, the

-

record, viewed in its entirety, clearly establishes that Mr. Lundquist was a conscientious and attentive juror, fully aware of his attendant duties and responsibilities and not predisposed to give unqualified credence to the testimony of a law enforcement officer. Upon clarification, it became apparent that Mr. Lundquist confused credibility and truthfulness with the weight to be accorded testimony. His responses confirmed that he would properly consider the testimony of police officers and lay witnesses "on an even footing." Thus, the trial court did not abuse its discretion in denying the motion.

V.

Defendant argues that the mandatory life sentence imposed by Code § 18.2-67.5:3 is unconstitutional.

"In assessing the constitutionality of a statute or ordinance, courts must presume that the legislative action is valid. Consequently, the burden is on the challenger to demonstrate the constitutional defect." Coleman v. Commonwealth, 5 Va. App. 459, 462, 364 S.E.2d 239, 241 (citation omitted), reh'g denied, 6 Va. App. 296, 368 S.E.2d 298 (1988). The Commonwealth "is allowed discretion in formulating its own legislative policies regarding the appropriate punishment for offenses." Wolkind v. Selph, 473 F. Supp. 675, 679 (E.D. Va. 1979), aff'd, 649 F.2d 865 (4th Cir. 1981); see Rummel v. Estelle, 445 U.S. 263, 274 (1980) (acknowledging reluctance to review legislatively mandated terms of imprisonment). "[O]nly

-

where the sentence petitioner has been required to serve is so grossly disproportionate to the offense committed as to shock the conscience of the Court will it be struck down as unconstitutional."  Wolkind, 473 F. Supp. at 679; see Harmelin v. Michigan, 501 U.S. 957, 1001 (1991) (concurring opinion of Kennedy, J.) (Eighth Amendment "forbids only extreme sentences that are 'grossly disproportionate' to the crime").

The offenses specified in Code § 18.2-67.5:3 involve second or subsequent offenses of violent sexual assault, including rape.  We cannot conclude that the mandatory life sentence imposed by Code § 18.2-67.5:3 for a second or subsequent commission of such vile crimes is "grossly disproportionate" to the offense.  See Harmelin, 501 U.S. at 994 (concluding that a mandatory life sentence is not unconstitutionally disproportionate to a first-time felony drug offense).

                              VI.

Defendant also argues that the trial court erroneously admitted evidence of a taped conversation between defendant and Finn, the victim, after ruling it inadmissible during a pretrial motion in limine.  The Commonwealth counters that defendant "opened the door" to the taped conversation by reference to it on cross-examination of the victim.

"The admissibility of evidence is within the broad discretion of the trial court, and a ruling will not be disturbed on appeal in the absence of an abuse of discretion."

                              -

Blain v. Commonwealth, 7 Va. App. 10, 16, 371 S.E.2d 838, 842 (1988) (citation omitted).  "'Cross-examination on a part of a transaction enables the opposing party to elicit evidence on redirect examination of the whole transaction at least to the extent that it relates to the same subject.'"  Briley v. Commonwealth, 221 Va. 532, 540, 273 S.E.2d 48, 53 (1980) (citation omitted), cert. denied, 451 U.S. 1031 (1981); see Lockhart v. Commonwealth, 251 Va. 184, 184, 466 S.E.2d 740, 740 (1996).

Defense counsel asked Finn several questions pertaining to her statements during the taped conversation, without explaining the circumstances.  Defendant's inquiries included:

> So, you weren't angry when you said, "Well, then you must be pretty f--- up, that must be some good God damn good baking soda. Let's see does it dissolve in any way shape or form?  Tastes like absolutely nothing at all.  It was chalk dust."  You weren't mad when you said that?

Finn answered, "Of course I had to pretend like I was mad because I couldn't let him know that the cops were listening on the phone."  Clearly, defendant pursued such evidence to discredit the victim, a circumstance that permitted the Commonwealth to rebut with introduction of the tape itself.

Defendant's complaint that the evidence upset his defense "strategy," developed in reliance upon the court's prior ruling to exclude the tape, is without merit.  In answer to this argument below, the trial court offered defendant the

-

opportunity to recall the victim and undertake further examination of the witness, thereby remediating any prejudice to defendant's strategy. Moreover, the tape was relevant and material because defendant admitted certain acts subject to the instant prosecution.

Under such circumstances, the court correctly admitted the tape into evidence.

## VII.

Finally, defendant argues that the evidence was insufficient to convict him of sodomy by cunnilingus, a violation of Code § 18.2-67.1. When the sufficiency of the evidence is challenged on appeal, we must review the evidence in the light most favorable to the Commonwealth, disturbing a jury's verdict only if plainly wrong or without evidence to support it. See Code § 8.01-680; Martin v. Commonwealth, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987).

"'Penetration is an essential element of the crime of sodomy[;]' [h]owever, . . . the penetration 'need only be slight.'" Horton v. Commonwealth, 255 Va. 606, 612, 499 S.E.2d 258, 261 (1998) (citations omitted). "'[P]enetration of any portion of the vulva, which encompasses the "external parts of the female sex organs considered as a whole" and includes, beginning with the outermost parts, the labia majora, labia minora, hymen, vaginal opening and vagina is sufficient' to establish the element of penetration." Moore v. Commonwealth,

-

254 Va. 184, 190, 491 S.E.2d 739, 742 (1997) (quoting Love v. Commonwealth, 18 Va. App. 84, 88, 441 S.E.2d 709, 712 (1994)). "'Penetration of the vaginal opening . . . clearly [is] not required.'" Jett v. Commonwealth, 29 Va. App. 190, 195, 510 S.E.2d 747, 749 (1999) (en banc) (citation omitted) (alterations in original).

Evidence that defendant licked the victim's vagina is sufficient to establish penetration of the vulva or outermost portion of the genitalia, an act of sodomy by cunnilingus in violation of Code § 18.2-67.1. See Horton, 255 Va. at 613-14, 499 S.E.2d at 261-62; Ryan v. Commonwealth, 219 Va. 439, 441, 444, 247 S.E.2d 698, 700, 702 (1978). Finn testified that defendant "started on [her,] . . . [when] [h]e put his mouth on [her] vagina, [h]e was licking around and touching." Thus, her testimony was sufficient to support defendant's conviction for sodomy by cunnilingus.

Accordingly, we affirm the convictions.

Affirmed.