**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 12-5015**

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

        v.

DOMONIC DEVARRISE USHER,

                Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.    James C. Dever III, Chief District Judge.  (5:11-cr-00217-D-6)

Submitted:  January 31, 2014          Decided:  February 7, 2014

Before WYNN, DIAZ, and THACKER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

C. Burell Shella, SHELLA & ASSOCIATES, PC, Durham, North Carolina, for Appellant.    Thomas G. Walker, United States Attorney, Jennifer P. May-Parker, Joshua L. Rogers, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A jury convicted Domonic Devarrise Usher on one count of conspiracy to commit violations of the Hobbs Act (interference with commerce by robbery), 18 U.S.C. § 1951(b) (2012) (Count 1), seven counts of interference with commerce by robbery, 18 U.S.C. §§ 2, 1951(a) (2012) (Counts 2, 4, 6, 8, 10, 12, and 14), and seven counts of carrying and using a firearm during and in relation to a crime of violence, 18 U.S.C. §§ 2, 924(c)(1)(A) (2012) (Counts 3, 5, 7, 9, 11, 13, and 15). The district court sentenced Usher to 235 months' imprisonment on the conspiracy and each of the robbery convictions to run concurrently with each other; a mandatory consecutive eighty-four months' imprisonment on Count Three; and mandatory consecutive 300 months' imprisonment on each of the remaining four § 924(c) convictions, resulting in a cumulative sentence of 2119 months' imprisonment. On appeal, Usher contends that the district court erred by allowing the prosecutor to repeat the testimony of witnesses, during his original trial, which ended in a mistrial, and his second trial. He also argues that the district court's imposition of consecutive sentences on the § 924(c) convictions in Counts 5, 7, 9, 11, 13, and 15 violates the Eighth Amendment's protection against cruel and unusual punishment. We affirm.

## I.

Usher first argues that the prosecutor's conduct of repeating witness answers during their testimony resulted in needlessly repetitive and cumulative evidence and violated Fed. R. Evid. 403. To warrant reversal for prosecutorial misconduct, the defendant must show that the prosecutor engaged in improper conduct that prejudiced his substantial rights so as to deny him a fair proceeding. United States v. Allen, 491 F.3d 178, 191 (4th Cir. 2007).

In his opening brief, Usher does not allege that he was prejudiced by the prosecutor's conduct, nor does he point to any evidence in the record showing "that such remarks or conduct prejudiced the defendant to such an extent as to deprive the defendant of a fair trial." Allen, 491 F.3d at 191; see also Fed. R. App. P. 28(a)(8)(A) (requiring the appellant's brief to contain "contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies"). Thus, we affirm Usher's convictions.

## II.

Usher also contends that his 2119-month sentence is disproportionate to his crimes, because no one suffered physical harm and the total economic loss was less than thirty-thousand dollars. Because Usher did not challenge the sentence on this

3

basis below, our review is for plain error. <u>See</u> <u>United States</u> <u>v. Ming Hong</u>, 242 F.3d 528, 532 (4th Cir. 2001).

Congress mandates a minimum seven-year sentence for an initial conviction under 18 U.S.C. § 924(c)(1)(A)(ii), and a mandatory minimum sentence of twenty-five years for a second or subsequent § 924(c) conviction. 18 U.S.C. § 924(c)(1)(C)(i). Sentences imposed under § 924(c) cannot "run concurrently with any other term of imprisonment imposed on the person, including any term of imprisonment imposed for the crime of violence or drug trafficking crime during which the firearm was used, carried, or possessed." 18 U.S.C. § 924(c)(1)(D)(ii). The district court appropriately imposed an 84-month sentence for Usher's first firearm conviction (Count 3) and six consecutive twenty-five-year terms of imprisonment on Counts 5, 7, 9, 11, 13, and 15.

We find no plain error in the district court's sentence. "Severe, mandatory penalties may be cruel, but they are not unusual in the constitutional sense, having been employed in various forms throughout our Nation's history." <u>Harmelin v. Michigan</u>, 501 U.S. 957, 994-95 (1991). Indeed, this court has held that stacked mandatory sentences under § 924(c), while seemingly excessive, do not contravene the Constitution. <u>See, e.g.</u>, <u>United States v. Khan</u>, 461 F.3d 477, 495 (4th Cir. 2006) (lengthy mandatory sentences imposed on defendants by

4

"count-stacking" provisions of 18 U.S.C. § 924(c) did not constitute cruel and unusual punishment). We have held likewise in other contexts in which the sentence was within statutory bounds. See, e.g., Jones v. Purvis, 646 F.2d 127, 128 (4th Cir. 1981) (per curiam) (sentence did not violate the Eighth Amendment where it was "well within the statutory authorization"); United States v. Bandy, 415 F.2d 322, 323 (4th Cir. 1969) (per curiam) (same, where the sentence "was within the limits of the applicable statute").

## III.

Accordingly, we affirm Usher's convictions and the 2119-month sentence imposed by the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED

5