**Alexandria**

LONNIE D. MOTEN, a/k/a/

BIKO BAMBATA

v.

COMMONWEALTH OF VIRGINIA

No. 0326-91-4

Decided August 4, 1992

COUNSEL

Thomas J. Kelley, Jr., for appellant.

John H. McLees, Jr., Assistant Attorney General (Mary Sue Terry, Attorney General, on brief), for appellee.

OPINION

WILLIS, J.—Lonnie D. Moten, the appellant, was found guilty by a jury of possession of cocaine, distribution of cocaine, and distribution of cocaine within one thousand feet of a school zone. On appeal, Moten contends that the trial court erred in refusing to excuse a juror for cause. We agree and reverse the judgment of the trial court.

During jury selection, defense counsel asked the venire whether the allegations of possession and distribution of cocaine caused a problem with anyone. He asked,

Does that particular subject matter cause a problem with a juror based upon a — some like experience either they, or relative, or a close friend may have had, such as they will not be able to listen to this case and decide this case based solely upon the evidence. . .?

Ms. McCarthy, a venireman, gave an inaudible response, and defense counsel moved that she be excused for cause. The court inquired into Ms. McCarthy's response and she explained that her husband was a recovering drug addict and that the subject of drugs was very "touchy" with her. When asked if she could keep an open mind, she said she could try. Defense counsel then asked, "I would like to ask if you feel that the drug history might make it difficult to set aside your personal feelings and work just totally upon the evidence?" She responded, "I'm not sure. I'm not sure." Finally, the court asked, "Can you stand indifferent?" She answered, "Yes." The trial court denied the motion to strike this

juror for cause.

■ On appeal, Moten contends that the trial court erred in refusing to excuse juror McCarthy for cause, because the totality of her voir dire examination revealed that she could not stand indifferent in the case. We agree.

> An accused has a fundamental right to a trial by an impartial jury. U.S. Const. amends. VI and XIV; Va. Const. art. I, § 8. To qualify as a juror, a venireman must "stand indifferent in the cause," Code § 8.01-358, and any reasonable doubt regarding his impartiality must be resolved in favor of the accused.

*Barker v. Commonwealth*, 230 Va. 370, 374, 337 S.E.2d 729, 732 (1985) (citations omitted). Moten was entitled to be tried by jurors who did not have "any reason to believe [they] might not give a fair and impartial trial to the Commonwealth and the accused based solely on the law and the evidence." Rule 3A:14(a)(7).

■ On appeal, we give deference to the trial court's decision whether to retain or exclude a venireman, because the trial court "sees and hears the juror." *Eaton v. Commonwealth*, 240 Va. 236, 246, 397 S.E.2d 385, 391 (1990). A trial court's ruling will not be disturbed unless there is a showing of manifest error. *Id.* "The standard to be applied by the trial court in determining whether to retain a venireman on the jury panel is whether his answers during *voir dire* examination indicate to the court something that would prevent or substantially impair the performance of his duties as a juror in accordance with his instructions and his oath." *Id. See also Webb v. Commonwealth*, 11 Va. App. 220, 223, 397 S.E.2d 539, 540 (1990). Where there is reasonable doubt whether a juror is qualified, that doubt must be resolved in favor of the accused. *See Williams v. Commonwealth*, 14 Va. App. 208, 415 S.E.2d 856 (1992). In determining whether a juror is free from prejudice, nothing should be left to inference or doubt. *Id.* at 213, 415 S.E.2d at 859. Ms. McCarthy's responses clearly indicated to the court that due to her husband's drug problem, her performance as a juror might be impaired by her personal feelings regarding drugs.

The Commonwealth argues that a juror's responses during voir dire should be considered as a whole rather than as individual re-

marks. *See Turner v. Commonwealth*, 234 Va. 543, 548, 364 S.E.2d 483, 486, *cert. denied*, 486 U.S. 1017 (1988). The Commonwealth contends that the totality of Ms. McCarthy's responses reveals that she concluded ultimately that she could stand indifferent in the trial. We disagree. Ms. McCarthy stated that her husband was a recovering drug addict. When asked if she could keep an open mind, she responded, "I can try." When the defense counsel asked if she could put her personal feelings aside she responded, "I'm not sure. I'm not sure." The court then asked "Can you stand indifferent?" to which she replied, "Yes." Viewed as a whole, these statements make clear that Ms. McCarthy was unsure whether she could stand impartial. She should have been excluded from the jury for cause.

> Using or permitting the use of leading questions, those which suggest a desired answer, in the *voir dire* of a prospective juror may taint the reliability of the juror's responses. Merely giving "expected answers to leading questions" does not rehabilitate a prospective juror. Proof of a prospective juror's impartiality "should come from him and not be based on his mere assent to persuasive suggestions." When asked by the court, a suggestive question produces an even more unreliable response.

*McGill v. Commonwealth*, 10 Va. App. 237, 242, 391 S.E.2d 597, 600 (1990) (citations omitted).

The judgment of the trial court is reversed and this case is remanded.

*Reversed and remanded.*

Duff, J., and Bray, J., concurred.