**Norfolk**

VALERIE OTERO SWANSON

v.

COMMONWEALTH OF VIRGINIA

No. 0621-92-1

Decided April 5, 1994

COUNSEL

David H. Moyer (Bashara & Hubbard, on briefs), for appellant.

Richard B. Smith, Assistant Attorney General (Stephen D. Rosenthal, Attorney General, on brief), for appellee.

OPINION

**BRAY, J.**—Valerie Otero Swanson (defendant) was convicted by a jury of murder in the first degree and conspiracy to murder and sentenced in accordance with the jury's recommendations. On appeal, defendant complains that the trial court erroneously overruled her motion to remove a juror from the panel for cause. We disagree and affirm the convictions.

Because the substantive facts are not in issue, this opinion addresses only portions of the record related to the disputed juror.

Prior to voir dire, the court informed the venire summoned for trial that defendant and another had allegedly "planned and carried out" the murder of defendant's husband upon his return from overseas duty for the United States Navy. These offenses, together with the related investigations and prosecutions, generated considerable media coverage throughout the Hampton Roads area, including the City of Virginia Beach. Concerned that this notoriety would impair the selection of an unbiased jury, defendant requested individual voir dire of prospective jurors to facilitate a "thorough inquiry" of the issue without exposing other jurors to "prejudicial and incompetent material." The Commonwealth, however, objected to this procedure, and the trial judge decided to

proceed with the "general questions that we normally ask" of the entire venire, followed by "individual voir dire" of any venireperson that disclosed prior knowledge of the case.

During the collective voir dire, twelve persons raised their hands when the trial judge asked, "Have you acquired any information about this case from the news media or any other source?" In accordance with the court's earlier ruling, these individuals were identified and recalled individually for further voir dire by the court and counsel. Although this additional inquiry resulted in the removal of four persons from the panel for cause, the court overruled defendant's motion to disqualify two others, one of whom was Mary McFetridge, the juror in issue.[1] McFetridge was, however, later striken from the panel by peremptory challenge.[2]

Defendant contends that McFetridge's responses during voir dire "revealed hesitance and uncertainty regarding her ability to remain impartial" as a result of both "pre-trial publicity" and "the fact that her husband's employment was the same as the deceased." She asserts that McFetridge was "swaying in her feelings . . . to one side" and was unsure "as to whether she would be able to apply the concept of presumption of innocence." Because these circumstances created "at least [a] reasonable doubt" that McFetridge could properly discharge her responsibilities as a juror, defendant argues she should have been removed for cause.

It is well established that

[t]he right to a trial by an impartial jury is guaranteed under both the United States and Virginia Constitutions. This guarantee is reinforced by legislative enactment and by the rules of court. It is the trial judge's duty to secure an impartial jury for the parties. Resolution of the question of a juror's impartiality depends upon the facts and circumstances of each particular case. At a minimum, however, the law re-

---

[1] See Appendix for pertinent portions of collective and individual voir dire of McFetridge.

[2] Because the record does not reflect which party removed McFetridge, the Commonwealth argues that defendant failed to establish the requisite prejudice. *See Breeden v. Commonwealth*, 217 Va. 297, 300, 227 S.E.2d 734, 736-37 (1976). However, defendant was entitled to " 'a panel [of twenty] free from exceptions,' " irrespective of which party may have struck McFetridge. *Id.* (quoting now Code § 8.01-357); *see* Code §§ 19.2-260, -262; *Fuller v. Commonwealth*, 14 Va. App. 277, 281-82, 416 S.E.2d 44, 47 (1992).

quires that the juror "stand indifferent in the cause." Any reasonable doubt regarding the prospective juror's ability to give the accused a fair and impartial trial must be resolved in favor of the accused.

*Gosling v. Commonwealth*, 7 Va. App. 642, 645, 376 S.E.2d 541, 543-44 (1989) (citations omitted).

■ "The true test of impartiality lies in the juror's mental attitude," *Educational Books, Inc. v. Commonwealth*, 3 Va. App. 384, 389, 349 S.E.2d 903, 907 (1986), his or her "state of mind." *Breeden*, 217 Va. at 300, 227 S.E.2d at 736. Through voir dire and other competent evidence, the trial court must examine the venirepersons for signs of a mind set that " 'would prevent or substantially impair the performance of [the] duties [of] a juror in accordance with his instructions and his oath.' " *Satcher v. Commonwealth*, 244 Va. 220, 236, 421 S.E.2d 821, 831 (1992), *cert. denied*, 113 S. Ct. 1319 (1993). A juror must not entertain "an opinion of that fixed character which repels the presumption of innocence in a criminal case, and in whose mind the accused stands condemned already." *Justus v. Commonwealth*, 220 Va. 971, 976, 266 S.E.2d 87, 91 (1980). Whenever "it shall appear to the court that [a] juror does not stand indifferent in the cause, another shall be . . . placed in his stead for the trial of that case." Code § 8.01-358; *Salina v. Commonwealth*, 217 Va. 92, 93, 225 S.E.2d 199, 200 (1976); *Williams v. Commonwealth*, 14 Va. App. 208, 213, 415 S.E.2d 856, 859 (1992).

■ It is not necessary, however, that jurors be "totally ignorant of the facts and issues involved in a case on which they sit." *Breeden*, 217 Va. at 300, 227 S.E.2d at 736. " 'In these days of swift, widespread and diverse . . . communication, an important case can be expected to arouse the interest of the public . . ., and scarcely any of those best qualified to serve as jurors will not have formed some impression or opinion' " with respect to it. *Calhoun v. Commonwealth*, 226 Va. 256, 258, 307 S.E.2d 896, 897 (1983) (citation omitted). Nevertheless, prospective jurors must demonstrate for the record an ability and a willingness to " 'lay aside . . . impression or opinion and render a verdict based on the evidence presented in court.' " *Id.* (citation omitted). Such evidence of impartiality, indispensable to jury service, "must emanate from the juror . . . unsuggested by leading questions." *Educational*

*Books*, 3 Va. App. at 389, 349 S.E.2d at 907; *see Breeden*, 217 Va. at 300, 227 S.E.2d at 736.

 "The partiality or impartiality of an individual juror is a factual issue best determined by the trial court." *Watkins v. Commonwealth*, 229 Va. 469, 480, 331 S.E.2d 422, 431 (1985), *cert. denied*, 475 U.S. 1099 (1986). "Because the trial judge has the opportunity . . . to observe and evaluate the apparent sincerity, conscientiousness, intelligence, and demeanor of prospective jurors," the disposition of a challenge for cause is an exercise of judicial discretion which will not be disturbed on appeal, absent manifest error.[3] *Pope v. Commonwealth*, 234 Va. 114, 123-24, 360 S.E.2d 352, 358 (1987), *cert. denied*, 485 U.S. 1015 (1988); *Moten v. Commonwealth*, 14 Va. App. 956, 958, 420 S.E.2d 250, 251 (1992). On appellate review, we must consider the "voir dire as a whole, rather than in isolated parts," *Turner v. Commonwealth*, 234 Va. 543, 548, 364 S.E.2d 483, 486, *cert. denied*, 486 U.S. 1017 (1988), according the appropriate "deference to the trial court's decision." *Moten*, 14 Va. App. at 958, 420 S.E.2d at 251.

Here, during collective voir dire by the court, McFetridge indicated no "interest in the outcome of the case" or opinion with respect to defendant's guilt or innocence. She acknowledged an understanding of the presumption of innocence and the burden and standard of proof for conviction. Later, when examined separately by the court, she again denied any "opinion or conclusion" relative to guilt or innocence and affirmed an ability to "render a fair and impartial decision in this case."

Although McFetridge acknowledged "particular interest in . . . articles about [the] case" because her husband was a "Naval flight officer," she was convinced that she "would be able to keep that separate," "stay impartial" and properly consider the evidence and instructions of the court. At the conclusion of the entire collective and individual voir dire, the trial judge summoned McFetridge to the courtroom a third time, and she once again confirmed an "ability to give the defendant and the Common-

---

[3] There are circumstances, inapplicable here, which, *per se*, require exclusion of venirepersons, without "room for judicial discretion." *Barker v. Commonwealth*, 230 Va. 370, 375, 337 S.E.2d 729, 733 (1985).

wealth a fair and impartial trial."

Clearly, the record, taken as a whole, establishes McFetridge as a conscientious and perceptive juror, fully cognizant of the duties and responsibilities attendant to that service. Her responses during voir dire revealed an impartial mind, untainted by prejudgment and receptive to consideration of the case in accordance with the evidence and instructions of the court, notwithstanding prior knowledge and interest in the offenses. She, therefore, stood indifferent to the cause and was properly retained on the panel.

Accordingly, the judgment of the trial court is affirmed.

*Affirmed.*

Baker, J., and Coleman, J., concurred

## *A P P E N D I X*

*COLLECTIVE VOIR DIRE:*

| | |
|---|---|
| THE COURT: | Now, I need at this juncture to ask you-all a series of questions to find out whether you have any knowledge of this case, whether you are acquainted with any of the participants in this case, or whether there is anything in your background that would affect your ability to fairly and impartially try this case. |
| THE COURT: | Do any of you have any interest in the trial or the outcome of this case? |
| | [no response] |
| THE COURT: | Have any of you formed or expressed any opinion as to the guilt or innocence of the defendant in this case? |
| | * * * * * * * |
| | [no response] |
| THE COURT: | All right. I'm going to ask each of you if you understand these principles. Please raise your right hand. |

Do you understand that the defendant is presumed to be innocent? Do each of you understand that? If you do, please raise your right hand. All right. The record will reflect that everyone has raised their right hand.

Do you understand that the Commonwealth must prove the defendant's guilt beyond a reasonable doubt? Do each of you understand that? The record will reflect that everyone has raised their right hands.

Do you understand that the defendant is not required to produce any evidence? The defendant may remain silent. The defendant does not have to produce any evidence in this case. The burden is upon the Commonwealth to prove the defendant's guilt beyond a reasonable doubt. Do you each understand that? The record will reflect that everyone has raised their right hand.

*INDIVIDUAL VOIR DIRE OF McFETRIDGE:*

THE COURT: All right. Mrs. McFetridge, as a result of having acquired some information about this case, have you expressed or formed any opinion as to the guilt or innocence of the defendant?

MRS. McFETRIDGE: No.

THE COURT: Do you feel that you can lay aside the information you have received and decide this case solely on the evidence presented and the court's instructions?

MRS. McFETRIDGE: Yes, I believe I could — um — my husband is a Naval flight officer, and I would hope that I — you know — would be able to keep that separate.

THE COURT: All right. Considering what you have heard or read about this case, do you

feel that you could enter the jury box with an open mind and wait until the entire case is presented before reaching a fixed opinion or a conclusion as to the guilt or innocence of the defendant?

MRS. McFETRIDGE: Yes.

THE COURT: Would the information you have received before this trial have any effect whatsoever on your ability to give the accused a fair and impartial trial?

MRS. McFETRIDGE: No, I don't think so.

THE COURT: And in light of the fact that your husband is in the Navy —

MRS. McFETRIDGE: Right.

THE COURT: — do you still feel that you can — um — render a fair and impartial decision in this case?

MRS. McFETRIDGE: I think so, yes.

* * * * * * *

MR. MOYER: [defendant's counsel] I take it then you developed a particular interest in the articles about this case because of your husband's employment? Is that fair to say?

MRS. McFETRIDGE: Right.

MR. MOYER: Okay. And that factor — does that cause you to hesitate? The last thing you said is you think you could give her a fair trial. Is that an additional factor that causes you to hesitate and think that maybe based on what you've read, you may have — may be swaying to one side or the other?

MRS. McFETRIDGE: Um — I — I would say yes, to be honest with you.

* * * * * * *

| | |
|---|---|
| MR. MOYER: | So you think that you . . . would lean against the defendant probably? |
| MRS. McFETRIDGE: | Well, I would listen to everything that was said and everything and then come to a conclusion but I — um — I would hope that — that's what I said. I would just hope that I would be able to stay impartial. That's all I can say. |
| MR. MOYER: | In other words, you raised your hand when the court said — |
| MRS. McFETRIDGE: | Right. |
| MR. MOYER: | — the defendant is presumed to be innocent and — |
| MRS. McFETRIDGE: | Right. |
| MR. MOYER: | — you have to prove the case beyond a reasonable doubt — |
| MRS. McFETRIDGE: | Right. |
| MR. MOYER: | — and these are concepts that apply to all, but we're interested in this particular case and these questions which we're asking you now. |
| MRS. McFETRIDGE: | Yes. |
| MR. MOYER: | Those concepts which apply to everyone — would it be more difficult for you to apply that concept in this case because of your knowledge to be honest? |
| MRS. McFETRIDGE: | It would be difficult, but I think I would be able to do it. |
| MR. MOYER: | It would take an effort on your part? |
| MRS. McFETRIDGE: | Right. |

\* \* \* \* \* \* \*

| | |
|---|---|
| MR. HUMPHREYS: [Commonwealth's | . . . the fact that you've been exposed to some media in this case indicates |

| | |
|---|---|
| Attorney] | that you follow current events locally here pretty closely. |
| MRS. McFETRIDGE: | Right. |
| MR. HUMPHREYS: | What we're asking you to do is to evaluate this case only from what your [sic] hear on the witness stand, from the instructions that Judge Shadrick might give you, and the use of your own common sense. |
| MRS. McFETRIDGE: | Right. |
| MR. HUMPHREYS: | . . . Do you think you could do that for us? |
| MRS. McFETRIDGE: | Yes, I could. |
| MR. HUMPHREYS: | Now, we don't expect you to come in here in a vacuum and not be exposed to the world at large out there, but what we do hope ·and want you to be able to tell us you could do is to separate anything that you might have heard — not accept blindly, for example, what you read in the paper, see on television, and make an independent evaluation of the evidence based on what you hear in this courtroom and based on the instructions of law that Judge Shadrick might give.<br><br>Can you do that? |
| MRS. McFETRIDGE: | Yes, I could. |
| MR. HUMPHREYS: | If, hypothetically, you were to hear something in this courtroom which might conflict with something that you might recall from a news account, which — which evidence would you tend to believe? That which you recall from the news account or that which you hear from the witness stand? |
| MRS. McFETRIDGE: | From the witness stand. |

MR. HUMPHREYS: We're not asking you to do the impossible, but all we're asking you to do is to try to be fair to both sides.

MRS. McFETRIDGE: I understand that.

MR. HUMPHREYS: Thank you. You think you can do that?

MRS. McFETRIDGE: Yes.

\* \* \* \* \* \* \*

*SUBSEQUENT INDIVIDUAL VOIR DIRE OF McFETRIDGE:*

THE COURT: . . . Mrs. McFetridge, I wanted to call you back in to ask you a couple of more questions because as I recall, you at some point during our previous discussion I believe indicated that this may be difficult for you but — um — you did feel that you could be fair in this case?

MRS. McFETRIDGE: Yes.

THE COURT: Now, you've had some additional time I'm sure while you've been sitting over there in the jury assembly room to consider the questions that were asked you and your responses, and I would like to again ask you, will the information that you've previously received in this case have any effect whatsoever on your ability to give the defendant and the Commonwealth a fair and impartial trial in this case?

MRS. McFETRIDGE: No.