COURT OF APPEALS OF VIRGINIA


Present:  Judges Willis, Bumgardner and Senior Judge Overton


BILL LEWIS ODOM, JR.

                                        MEMORANDUM OPINION[*] BY
v.    Record No. 0681-99-2             JUDGE NELSON T. OVERTON
                                            MAY 16, 2000

COMMONWEALTH OF VIRGINIA


              FROM THE CIRCUIT COURT OF CHESTERFIELD COUNTY
                       William R. Shelton, Judge

              (Cary B. Bowen; Bowen, Bryant, Champlin &
              Carr, on brief), for appellant.  Appellant
              submitting on brief.

              (Mark L. Earley, Attorney General; Richard B.
              Smith, Assistant Attorney General, on brief),
              for appellee.  Appellee submitting on brief.


     Appellant was convicted of petit larceny, third offense.  On

appeal, he argues that the trial court committed reversible error

in denying his motion to strike a juror for cause after his

response to a question in voir dire indicated a clear bias.  We

disagree and affirm his conviction.

                            BACKGROUND

     During voir dire, Mr. Durning indicated that he was a retired

military police officer.  In response to a question by appellant's

counsel, Durning stated that he thought it was more likely than

not that a person charged was guilty.  Appellant moved to strike

          * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

Durning for cause.  The trial court then asked Durning several questions.  Durning responded affirmatively that he could put aside his background and "just be concerned with what is presented from that witness box and be fair to both sides."

Appellant's counsel then asked Durning several leading questions, and Durning responded that he did not think it was more likely than not that a person charged was guilty.  Durning also stated that the initial question by appellant's counsel was confusing.  The trial court refused to remove Durning for cause, and appellant used a peremptory strike to remove him from the panel.

ANALYSIS

"Through voir dire and other competent evidence, the trial court must examine the venirepersons for signs of a mind set that would prevent or substantially impair the performance of the duties of a juror in accordance with his instructions and his oath."  Swanson v. Commonwealth, 18 Va. App. 182, 185, 442 S.E.2d 702, 704 (1994) (citation omitted).  "Because the trial judge has the opportunity . . . to observe and evaluate the apparent sincerity, conscientiousness, intelligence, and demeanor of prospective jurors first hand, the trial court's exercise of judicial discretion in deciding challenges for cause will not be disturbed on appeal, unless manifest error appears in the record."  Pope v. Commonwealth, 234 Va. 114, 123-24, 360 S.E.2d 352, 358 (1987) (citation omitted).  In reviewing a trial court's

-

determination, the entire <u>voir</u> <u>dire</u> is examined, not just isolated parts. <u>See</u> <u>Swanson</u>, 18 Va. App. at 186, 442 S.E.2d at 704 (citation omitted).

Durning initially responded affirmatively that he thought it was more likely than not that a person charged was guilty. After the trial judge explained the presumption of innocence, Durning responded that he could put aside his background in the military police and just be concerned with what was presented from the witness box. Later, in response to a leading question by appellant's counsel, Durning stated that he did not believe that someone was guilty because they were charged. Durning also stated that he understood that the court wanted fairness from him and that he misunderstood the initial question by appellant's counsel. Upon examination of the entire <u>voir</u> <u>dire</u>, the record does not support a finding that the trial court abused its discretion in refusing to exclude Durning for cause. Accordingly, appellant's conviction is affirmed.

<u>Affirmed.</u>