COURT OF APPEALS OF VIRGINIA


Present:   Chief Judge Felton, Judge McClanahan and Senior Judge Coleman
Argued at Salem, Virginia


MINH NGOC TRAN
                                                MEMORANDUM OPINION[*] BY
v.        Record No. 1610-07-3                  JUDGE SAM W. COLEMAN III
                                                    DECEMBER 9, 2008
COMMONWEALTH OF VIRGINIA


                FROM THE CIRCUIT COURT OF MONTGOMERY COUNTY
                            Robert M. D. Turk, Judge

        Stephanie G. Cox (Frank, Spicer & Cox, P.C., on brief), for
        appellant.

        Joanne V. Frye, Assistant Attorney General (Robert F. McDonnell,
        Attorney General, on brief), for appellee.


        Minh Ngoc Tran, appellant, appeals a conviction for misdemeanor assault and battery.  On

appeal, he contends the trial court erred by:  (1) denying his motion to strike a prospective juror for

cause; and (2) denying his request to admonish the jury that evidence of two prior convictions

should be disregarded as evidence of appellant's guilt of the amended charge.  Finding no error, we

affirm appellant's conviction.

                                      BACKGROUND

        On *voir dire*, the trial court asked whether the prospective jurors had acquired any

information about the alleged offense or appellant from the news media or any other source.

Several jurors, including prospective Juror Hudgins, raised their hands.  The trial court then asked:

                [C]onsidering what you may have heard or may have read about
                this case . . . do you believe that you can enter the jury box with an
                open mind and wait until the entire case is presented before you

        _____

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

reach a fixed opinion or conclusion as to the guilt or innocence of [appellant]? Do any of you have a problem with that, based upon what you may have heard or read in the past?

The prospective jurors responded in the negative. The trial court asked, "Each of you can put it aside and judge this case fairly and impartially based solely on the evidence and the law that is presented to you today?" The record shows that the potential jurors responded affirmatively to this question.

Appellant's counsel then questioned prospective Juror Hudgins concerning what she had learned through the media. The following exchange occurred:

[APPELLANT'S COUNSEL]: Ms. Hudgins, you raised your hand about having heard something either about this case or [appellant] through the media.

HUDGINS: Uh-huh.

[APPELLANT'S COUNSEL]: Do you know approximately when that was or how you heard that?

HUDGINS: Well I read the newspaper, The Roanoke Times, every day so I read several articles . . . over time about . . . the different charges that have been brought up . . . against him.

[APPELLANT'S COUNSEL]: So you have been kind of following the story.

HUDGINS: Yes, I followed this story along and I knew a case was pending against him.

[APPELLANT'S COUNSEL]: Okay.

HUDGINS: And I knew that he had been charged before and had been convicted before of molestation charges.

[APPELLANT'S COUNSEL]: Okay, do you feel like because you have been following this story in the media that . . . there is probably information in that story that you will not hear in this courtroom?

HUDGINS: That very well could be.

[APPELLANT'S COUNSEL]: Okay. Would it be difficult for you to set aside the information that you gleaned from the press

and the media and just try to focus on what you are going to hear here today?

HUDGINS:  Well, you know, perhaps; I mean, sometimes there are things that, you know, that you already know, they are stored in your brain and, you know.  There is a reporter's bias when someone writes a story and, you know, sometimes it is already there.

[APPELLANT'S COUNSEL]:  Okay.

HUDGINS:  I will say that.

[APPELLANT'S COUNSEL]:  Okay.

HUDGINS:  But I will set it aside and I will try to hear this from what I hear today.

[APPELLANT'S COUNSEL]:  Okay, but I think you said a moment ago that that might be difficult and it is possible that you might bring this extraneous information back into the jury room with you because you have been following this story.

HUDGINS:  Well, . . . I am one of those newspaper readers.  I read it from front to back.

       *     *     *     *     *     *     *

HUDGINS:  [I]t is a local case and it is a case of interest and I have followed it.

       *     *     *     *     *     *     *

HUDGINS:  It is something that I was interested in.

       *     *     *     *     *     *     *

HUDGINS:  So I probably have more knowledge is what I am trying to tell you.  I probably have more knowledge just going in.

[APPELLANT'S COUNSEL]:  Than what you are going to hear?

HUDGINS:  Than what I am going to hear.

[APPELLANT'S COUNSEL]:  Okay.  And you think it would be difficult for you to divorce yourself from that information going in?

HUDGINS:  There is a likelihood of that.

The trial court then asked potential Juror Hudgins several questions:

> [TRIAL COURT]: Ms. Hudgins, if I tell you to put that aside and not consider it at all in this case, can you put that aside?
>
> HUDGINS: I certainly can put it aside but like I said, you know, there is obviously information.
>
> [TRIAL COURT]: Right, but if I tell you not to consider any of that information, you can do that?
>
> HUDGINS: Yes sir, I can.

Appellant's counsel moved to strike prospective Juror Hudgins based on her answer that there was a "likelihood" she would consider the information she learned from the newspaper articles during the deliberations. The trial court denied the motion, stating, "When I asked her if she could put it aside, she said she could." Appellant used a peremptory strike to remove potential Juror Hudgins.

During the trial for the felony crime of sexual battery, third or subsequent offense, the trial court admitted two prior conviction orders for sexual battery as evidence of appellant's prior offenses. At the conclusion of the presentation of evidence, appellant made a motion to strike the charge of sexual battery. The trial court reduced the charge to misdemeanor assault and battery.

In Jury Instruction No. 8, the trial court admonished the jury: "Evidence that the defendant was previously convicted of a similar offense is not proof that he committed a battery on or about March 1, 2006 to March 31, 2006." During deliberations, the jury asked, "Can we use the conviction of the similar case as evidence to consider during the deliberations?" The jury also requested to see the prior conviction orders.

Appellant's counsel asserted that the evidence of the prior convictions would not have been admitted as evidence in the trial had the original charge been for an assault and battery offense. Therefore, she asked the trial court to admonish the jury that the proof of prior convictions by

appellant was not evidence to be considered in the case. The Commonwealth responded that Jury Instruction No. 8 covered the matter.

The following exchange between the trial court and a juror took place:

> [TRIAL COURT]: I have received the question that you had. The instruction packet that you have answers the question, I think, and there is an instruction that deals with it and I will ask you to go back and review that instruction, okay. I think that is the best I can tell you at this point.
>
> JUROR: Which instruction, Your Honor. What number?
>
> [TRIAL COURT]: If you will review the packet, okay. There is an instruction in there that deals with, I think, this particular instance, okay.
>
> JUROR: Can we see the evidence that was passed around when we were sitting here?
>
> [TRIAL COURT]: No sir, no sir. Thank you all.
>
> JUROR: I think there is some confusion about the instruction on how to view that. We knew there was an instruction in there, but there may be some misinterpretation about that instruction.
>
> [TRIAL COURT]: I think the instruction is fairly self-explanatory. If there is some other confusion, let me know and we will see what we can do.

After the jury returned to continue its deliberations, appellant's counsel again expressed concern to the trial court that the jury appeared to be considering the evidence of the prior convictions "as some type of evidence on this assault and battery charge." She requested the court to admonish the jury that "[the prior convictions] cannot be used as evidence." The trial court reiterated that Jury Instruction No. 8 addressed the matter. Appellant's counsel asserted, "[I]t's not really an admonition in light of the current charge that they are considering, which is obviously different from where we started today." Counsel also expressed her continuing concern that the jury was considering the evidence despite the instruction given. The trial court refused to further instruct the jury. The jury returned a guilty verdict.

- 5 -

ANALYSIS

Motion to Strike Juror

> An accused is constitutionally guaranteed the right to trial by an impartial jury. "Trial courts, as the guardians of this fundamental right, have the duty to procure an impartial jury," a responsibility primarily discharged "through meaningful *voir dire*." "[T]he test of impartiality is whether the venireperson can lay aside . . . preconceived views and render a verdict based solely on the law and evidence presented at trial." "A juror who holds a preconceived view that is inconsistent with an ability to give an accused a fair and impartial trial, or who persists in a misapprehension of law that will render him incapable of abiding the court's instructions and applying the law, must be excluded for cause." "[I]n determining whether a prospective juror should have been excluded for cause, we review the entire *voir dire*, rather than a single question and answer."

Brown v. Commonwealth, 28 Va. App. 315, 326-27, 504 S.E.2d 399, 404-05 (1998) (citations omitted).

> The standard to be applied by the trial court in determining whether to retain a venireman on the jury panel is whether his answers during *voir dire* examination indicate to the court something that would prevent or substantially impair the performance of his duties as a juror in accordance with his instructions and his oath.

Eaton v. Commonwealth, 240 Va. 236, 246, 397 S.E.2d 385, 391 (1990) (citing Adams v. Texas, 448 U.S. 38, 45 (1980)).

On appeal, "we must give deference to the trial court's decision whether to retain or exclude individual veniremen because the trial court 'sees and hears the juror.'" Id. (quoting Wainwright v. Witt, 469 U.S. 412, 426 (1985)). We will not disturb the trial court's decision "absent a showing of 'manifest error.'" Id. (quoting Spencer v. Commonwealth, 240 Va. 78, 94, 393 S.E.2d 609, 619 (1990)).

Although potential Juror Hudgins stated she had read newspaper articles concerning other charges brought against appellant, in response to several questions posed by the trial court, she

- 6 -

stated that she could decide the case without prejudice.  During *voir dire* of the potential jurors and prior to the disclosure that she had read newspaper articles, prospective Juror Hudgins did not indicate that she knew of any reason why she could not give a fair and impartial trial to both parties based solely on the law and evidence presented at the trial.  Furthermore, during questioning by appellant's counsel, potential Juror Hudgins volunteered, "But I will set [the information from the media reports] aside and I will try to hear this from what I hear today."  "Proof that a prospective juror is impartial and fair should come from the juror and not be based on his or her mere assent to persuasive suggestions."  Williams v. Commonwealth, 14 Va. App. 208, 214-15, 415 S.E.2d 856, 860 (1992) (citing Breeden v. Commonwealth, 217 Va. 297, 300, 227 S.E.2d 734, 736 (1976)).  After spontaneously stating she would set aside the information she had read, potential Juror Hudgins reaffirmed to the trial court that she could put aside what she had read and not consider it during deliberations.

On appeal, this Court reviews the entire *voir dire* process.  Here, the trial court had the opportunity to observe the prospective juror's answers and demeanor.  Because potential Juror Hudgins indicated she could be impartial and disregard the news account she had read, the trial court's refusal to strike her for cause was not an abuse of discretion.  See Thomas v. Commonwealth, 263 Va. 216, 231, 559 S.E.2d 652, 660 (2002) ("A potential juror who has knowledge of the case, even if such person has formed an opinion about the case, is entitled to sit on the jury if that opinion can be set aside.").

> "It is not required . . . that the jurors be totally ignorant of the facts and issues involved.  In these days of swift, widespread and diverse methods of communication, an important case can be expected to arouse the interest of the public in the vicinity, and scarcely any of those best qualified to serve as jurors will not have formed some impression or opinions as to the merits of the case. . . .  It is sufficient if the juror can lay aside his impression or opinion and render a verdict based on the evidence presented in court."

<u>Brown</u>, 28 Va. App. at 329-30, 504 S.E.2d at 406 (quoting <u>Irvin v. Dowd</u>, 366 U.S. 717, 722-23 (1961)).

Prior Conviction Jury Instruction

In order to prove the enhanced penalty necessary for the charge of sexual battery, third or subsequent offense, the trial court admitted into evidence appellant's two prior conviction orders for sexual battery. <u>See</u> <u>Berry v. Commonwealth</u>, 22 Va. App. 209, 213, 468 S.E.2d 685, 687 (1996) (prior conviction admissible if probative of an element of offense charged or required predicate for enhanced punishment). Appellant acknowledges that these prior convictions were relevant and admissible to the prosecution of the original charge. However, he contends that the information became irrelevant and highly prejudicial to the charge the jury was ultimately called upon to consider, the lesser-included offense of assault and battery.

The trial court addressed this matter by giving Jury Instruction No. 8, which was a correct statement of the law. "A reviewing court's responsibility in reviewing jury instructions is 'to see that the law has been clearly stated and that the instructions cover all issues which the evidence fairly raises.'" <u>Darnell v. Commonwealth</u>, 6 Va. App. 485, 488, 370 S.E.2d 717, 719 (1988) (quoting <u>Swisher v. Swisher</u>, 223 Va. 499, 503, 290 S.E.2d 856, 858 (1982)).

During the deliberations, the jury asked, "Can we use the conviction of the similar case as evidence to consider during the deliberations?" The jury also requested to see the prior conviction orders and expressed confusion about how to interpret "the instruction." In response, the trial court referred the jury to the instructions as given and refused to further instruct or admonish the jury. Appellant contends the juror's questions make it evident that the prior convictions were "very much a part of [its] deliberations." However,

> the deliberations of jurors "during retirement, their expressions, arguments, motives, and beliefs represent that state of mind which must precede every legal act and is in itself of no jural consequence." A question posed to the court during deliberations,

after all, could suggest as little as the tentative views of a single juror.

Ludwig v. Commonwealth, 52 Va. App. 1, 14-15, 660 S.E.2d 679, 685 (2007) (quoting Kennemore v. Commonwealth, 50 Va. App. 703, 709, 653 S.E.2d 606, 609 (2007)). See also Couture v. Commonwealth, 51 Va. App. 239, 248, 656 S.E.2d 425, 429 (2008) ("[N]either the jury's question nor its ultimate verdict shakes our confidence in the jurors' presumed obedience to the trial court's directive to resolve all issues in the case . . . solely on the basis of the instructions of law already given.").

Furthermore,

> "[o]nce the judge has made an accurate and correct charge, the extent of its amplification must rest largely in his discretion. The trial judge, in the light of the whole trial and with the jury before him, may feel that to repeat the same words would make them no more clear, and to indulge in variations of statement might well confuse. How far any charge on technical questions of law is really understood by those of lay background would be difficult to ascertain, but it is certainly more evident in the living scene than in a cold record."

Kennemore, 50 Va. App. at 712-13, 653 S.E.2d at 610-11 (quoting United States v. Bayer, 331 U.S. 532, 536-37 (1947)).

The granted jury instructions covered the issues raised by the evidence and addressed the question submitted by the jury. On this record, we cannot say the trial court abused its discretion by referring the jury to the instructions with no further amplification. "'A trial judge does not abuse his discretion by failing to modify a correct statement of the law on the mere chance that a jury may not follow clearly written instructions.'" Ludwig, 52 Va. App. at 13, 660 S.E.2d at 684 (quoting Gaines v. Commonwealth, 39 Va. App. 562, 567, 574 S.E.2d 775, 777 (2003) (*en banc*)).

For the reasons stated herein, we affirm appellant's conviction.

Affirmed.