UNPUBLISHED

COURT OF APPEALS OF VIRGINIA

Present:  Judges Petty, Alston and Russell
Argued at Lexington, Virginia


ANTONIO ELTON HUBBARD

v.        Record No. 0865-16-3

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION* BY
JUDGE WESLEY G. RUSSELL, JR.
AUGUST 1, 2017


FROM THE CIRCUIT COURT OF AMHERST COUNTY
Michael T. Garrett, Judge

(James J. Angel, on brief), for appellant.  Appellant submitting on
brief.

Virginia B. Theisen, Senior Assistant Attorney General (Mark R.
Herring, Attorney General, on brief), for appellee.


Antonio Elton Hubbard, appellant, was convicted in a bench trial of two counts of

distributing cocaine, having previously been convicted of two or more such offenses, in violation of

Code § 18.2-248.  On appeal, he challenges the introduction of a certified copy of pages from the

Lynchburg Circuit Court order book for November 26, 1984 as proof of his two prior drug

distribution convictions.  He also contends the trial court erred in striking a potential juror for cause.

For the reasons that follow, we affirm.

BACKGROUND

On August 13, 2014, appellant sold cocaine to a paid informant for the Amherst County

Sheriff's Department.  The same informant purchased cocaine from appellant again on August 29,

2014.  For each sale, the grand jury indicted appellant for "distribut[ing] or possess[ing] with the

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

intent to distribute . . . cocaine . . . ." Both indictments were charged as subsequent offenses, alleging that appellant had "previously been convicted of two or more such offenses or of substantially similar offenses in any other jurisdiction which occurred before the date of the offense alleged in the indictment . . . ."

Prior to trial, the Commonwealth filed a motion *in limine* asking the trial court to deem admissible a certified copy of pages from the Lynchburg Circuit Court order book dated November 26, 1984. The pages related to appellant's prior drug convictions. At the hearing on the motion, the Commonwealth produced the certified copy of the pages from the order book and described the two pages as follows:

> The first order under November 26, 1984, is [the] Howard
> case that apparently Judge Cundiff heard, and he signed it to end
> out. And then the remaining orders go sort of like a docket with
> hash marks between them until you get to the end of that
> November 26, and then Judge Moon signs the ones there.

An order referencing appellant's appearance in the Lynchburg Circuit Court and pleading guilty to charges of distribution of cocaine appears in the series of orders between the signatures of Judge Cundiff and Judge Moon.

Appellant argued that there was a judge's signature after the sentencing in the Howard case, but no signature immediately following the purported sentencing order in his case, making it unclear which judge, Cundiff or Moon, convicted him. After the hearing, the trial court ruled that the certified copy of the pages of the order book demonstrated compliance with Code § 17.1-123, and thus, was properly admissible under Code § 8.01-389.[1] The trial court memorialized its finding in an order, writing:

---

[1] Code § 8.01-389(A) provides that "[t]he records of any judicial proceeding and any other official records of any court of this Commonwealth shall be received as *prima facie* evidence provided that such records are certified by the clerk of the court where preserved to be a true record."

The Court finds that after the single Order entered by Judge Cundiff, that the remaining document sets forth one (1) long order, which encompasses numerous short orders for each identified case, separated and delineated for each case by "//". This long Order is signed by Judge Norman K. Moon, with the typed name Judge Moon beside his hand signed signature. The Court finds that by his signature, Judge Moon entered one long Order [in the order book], which was comprised of numerous short Orders for each case as set forth above his signature.

THEREFORE, the Court finds that the document as presented by the Commonwealth, complies with § 17.1-123, in that the day's proceedings for the Lynchburg Circuit Court were properly recorded by the Clerk in the Order Book and as required by (ii) of § 17.1-123, the Judge's signature is shown in the Order Book in this case at the end of all of the Orders that he entered. The signature by Judge Moon at the end of the cases over which he presided is legally sufficient and clear. If an Order entered at the end of the term is legally sufficient, then an Order from the Order Book signed by the two (2) Judges under the cases that they each presided over on a particular day is legally sufficient.

Prior to selecting the jury, the trial court allowed both the prosecutor and appellant's counsel to conduct *voir dire* of the panel. The Commonwealth inquired as to whether any prospective juror had been charged, or is close to someone who had been charged, with a drug offense in the past. One prospective juror responded that he was charged "back in '87 or so with manufacturing with the intent to distribute."[2] In a follow-up question, the prosecutor asked the prospective juror whether he could sit fairly in judgment of someone accused of distributing drugs. The prospective juror's response was "inaudible." Before *voir dire* concluded, the prospective juror was questioned individually. He stated that his previous charge was not for cocaine, that he had been through a trial, that he knew what he had done was illegal, and that he "knew it was a chance." He explained that his libertarian values led him to believe that possession of or distribution of a controlled substance should not be illegal and that the

---

[2] Later in the *voir dire*, the prospective juror indicated that his offense was "dropped down to simple-simple possession" and that he was convicted of a misdemeanor.

government should get "off your back and let society deal with the problems." Finally, he acknowledged that distributing a controlled substance is against the law and indicated that he could follow the judge's instructions and vote for a conviction under the appropriate circumstances. Appellant's counsel asked if he thought he could be fair in a drug case, and the prospective juror responded, "Yeah."

Outside the presence of the jury, the prosecutor moved to strike the prospective juror for cause. Appellant's counsel responded that the prospective juror had indicated he could follow the court's instructions and that he was a qualified juror. The trial court found that the prospective juror "equivocated" in response to the prosecutor's questions and explained that the court had "excused ones with less up to now, so I'm going to excuse him. I'm not sure he can be fair, even though he" eventually indicated that he could be.

ANALYSIS

I. Admissibility of Order Book Pages

Appellant argues the trial court should not have admitted the certified copy of the pages from the Lynchburg Circuit Court order book for November 26, 1984 as proof of his two prior drug distribution convictions.

"Generally, the admissibility of evidence is within the discretion of the trial court and [the appellate court] will not reject the decision of the trial court unless [the appellate court] find[s] an abuse of discretion." Midkiff v. Commonwealth, 280 Va. 216, 219, 694 S.E.2d 576, 578 (2010). A "trial judge's ruling will not be reversed simply because an appellate court disagrees." Thomas v. Commonwealth, 44 Va. App. 741, 753, 607 S.E.2d 738, 743 (internal quotation marks and citation omitted), adopted upon reh'g en banc, 45 Va. App. 811, 613 S.E.2d 870 (2005). "Instead, a reviewing court can only conclude that an abuse of discretion has occurred in cases where 'reasonable jurists could not differ' about the correct result." Massey v. Commonwealth, 67

Va. App. 108, 138, 793 S.E.2d 816, 831 (2016) (quoting Thomas, 44 Va. App. at 753, 607 S.E.2d at 743). However, when, as here, an item's admissibility turns on a circuit court's interpretation of a statute, the question presented is one of statutory construction, which we review *de novo*. Jones v. Williams, 280 Va. 635, 638, 701 S.E.2d 405, 406 (2010).

The Commonwealth sought to introduce the pages from the order book as evidence of appellant's prior convictions. Pursuant to Code § 8.01-389(A), certified copies of pages from an order book are admissible as "*prima facie* evidence" if the pages constituted a "record[] of any judicial proceeding" or an official record[] of any court of this Commonwealth." In turn, copies of order book entries only can be considered an "official record[] of any court of this Commonwealth" if the order book is maintained consistent with the requirements of Code § 17.1-123.

In pertinent part, Code § 17.1-123(A) provides that:

> All orders that make up each day's proceedings of every circuit court shall be recorded by the clerk in a book known as the order book. Orders that make up each day's proceedings that have been recorded in the order book shall be deemed the official record pursuant to § 8.01-389 when (i) the judge's signature is shown in the order, (ii) the judge's signature is shown in the order book, or (iii) an order is recorded in the order book on the last day of each term showing the signature of each judge presiding during the term.

There is no dispute that the document offered as evidence comes from the Lynchburg Circuit Court order book and was properly certified by the clerk of the Lynchburg Circuit Court. Thus, the document's admissibility turns on whether the order book was maintained in conformance with the requirements of Code § 17.1-123(A).

"When the language of a statute is unambiguous, we are bound by the plain meaning of that language." Cuccinelli v. Rector & Visitors of the Univ. of Va., 283 Va. 420, 425, 722 S.E.2d 626, 629 (2012) (quoting Kozmina v. Commonwealth, 281 Va. 347, 349, 706 S.E.2d 860, 862

(2011)).  To accord statutory language its plain meaning, "words in a statute are to be construed according to their ordinary meaning, given the context in which they are used."  City of Va. Beach v. Bd. of Supvrs., 246 Va. 233, 236, 435 S.E.2d 382, 384 (1993) (quoting Grant v. Commonwealth, 223 Va. 680, 684, 292 S.E.2d 348, 350 (1982)).  Finally, although "the application of rules of grammar will not be permitted to defeat the purpose of" a statute or lead to an absurd result, Harris v. Commonwealth, 142 Va. 620, 624, 128 S.E. 578, 579 (1925), "[o]ur task [in interpreting a statute] requires that we give proper grammatical effect . . . to the arrangement of words in the statute, and we must presume that the legislature understood the basic rules of grammar," Bergaust v. Flaherty, 57 Va. App. 423, 432, 703 S.E.2d 248, 252 (2011) (internal quotation marks and citations omitted).

Code § 17.1-123(A) sets forth three methods of maintaining an order book, delineating each with a romanette (i, ii, and iii, respectively) and separating them with commas and the conjunction "or."  Because the General Assembly listed the methods in the disjunctive, an order book complies with Code § 17.1-123(A) if any of the three methods was utilized.  See, e.g., Sansom v. Board of Supervisors, 257 Va. 589, 595, 514 S.E.2d 345, 349 (1999); Harris v. DiMattina, 250 Va. 306, 314-15, 462 S.E.2d 338, 341 (1995).

The Commonwealth does not argue that the Lynchburg order book was maintained consistent with Code § 17.1-123(A)(i) or (iii), arguing that "the trial court [correctly] found [that] the orders satisfied Code § 17.1-123(ii), which merely requires that 'the judge's signature is shown in the order book.'"  We agree.

According to the entries from the order book, two judges presided in the Lynchburg Circuit Court on Monday, November 26, 1984:  Judge Norman K. Moon and Judge Designate O. Raymond Cundiff.  Both judges signed the order book for that day.  Judge Cundiff's signature appears at the end of an order that resolved the Howard case.  A series of orders follows Judge

Cundiff's signature, including the order of conviction for two counts of distributing cocaine for "Antonio Elton Hubbard, Born 9/5/59." Judge Moon's signature appears at the end of the series of orders that followed Judge Cundiff's signature. Thus, the signatures for both judges are "shown in the order book," and therefore, the requirements of Code § 17.1-123(A)(ii) are satisfied.

Appellant's argument, that the order book entry regarding his convictions should not have been admitted because "[i]t is unclear from the [o]rder which [j]udge[, Cundiff or Moon,] presided over the case . . . ," finds no support in Code § 17.1-123(A).[3] Although Code § 17.1-123(A)(i) provides that an order book page shall be admissible pursuant to Code § 8.01-389 when "the judge's signature is shown in the order," neither of the other permissible methods require that the judge's signature appear on the individual order for it to be admissible.

In fact, Code § 17.1-123(A)(iii) presumes that the judge's signature will *not* appear on an individual order book entry, requiring instead only that "an order [be] recorded in the order book on the last day of each term showing the signature of each judge presiding during the term." As the trial judge noted, the system employed by the Lynchburg Circuit Court in 1984 provided appellant with more information about the judges presiding on the day he was convicted than if the method described in Code § 17.1-123(A)(iii) had been utilized. Specifically, the court noted that "[i]f an Order entered at the end of the term is legally sufficient, then an Order from the Order book signed by the two (2) [j]udges under the cases that they each presided over on a particular day is legally sufficient."

---

[3] Even if, *sub silentio*, Code § 17.1-123(A) required that the identity of the presiding judge be ascertainable from the order book entry, the trial court reasonably determined that the sequence of the various orders and the respective signatures of Judges Cundiff and Moon indicated that Judge Cundiff presided over the case under which his signature appeared and Judge Moon presided over the cases, including appellant's, under which his signature appeared.

Because the Lynchburg Circuit Court order book was maintained in conformity with Code § 17.1-123(A)(ii), the pages offered into evidence by the Commonwealth were admissible as "[t]he records of [a] judicial proceeding" and as "official records of [a] court of this Commonwealth" under Code § 8.01-389. Accordingly, the circuit court did not err in admitting into evidence the pages from the order book.[4]

## II. Exclusion of Prospective Juror

Appellant contends that the trial court improperly excused a prospective juror for cause when that juror stated that he could be fair, follow the law, and vote for convictions if convinced of guilt beyond a reasonable doubt. We disagree.

"The right to a trial by an impartial jury is guaranteed under both the United States and Virginia Constitutions." Gosling v. Commonwealth, 7 Va. App. 642, 645, 376 S.E.2d 541, 543 (1989) (citing U.S. Const. amend. VI; Va. Const. art I, § 8).

> [A]n accused is entitled to a panel of jurors free from exception before exercising peremptory challenges. Thus, we review a trial court's decision whether to strike a prospective juror for cause for an abuse of discretion and that ruling will not be disturbed on appeal unless it appears from the record that the trial court's action constitutes manifest error.

Cressell v. Commonwealth, 32 Va. App. 744, 755, 531 S.E.2d 1, 6 (2000).

---

[4] On brief, in addition to challenging the admission of the order book pages, appellant argues that "the thirty-two year old order of the Lynchburg Circuit Court is insufficient on its face to prove two prior drug distribution convictions." However, appellant's assignment of error regarding the order book pages addresses only admissibility and not sufficiency. "The admissibility of evidence and the sufficiency of evidence are distinct issues." Wells v. Commonwealth, 65 Va. App. 722, 728, 781 S.E.2d 362, 365 (2016) (quoting Banks v. Mario Indus., 274 Va. 438, 455, 650 S.E.2d 687, 696 (2007)). "It therefore 'follows that objections to the admissibility of evidence and the sufficiency of evidence are also distinguishable.'" Id. at 729, 781 S.E.2d at 365 (quoting Banks, 274 Va. at 455, 650 S.E.2d at 696). Because appellant's sufficiency argument is not encompassed within the relevant assignment of error, we do not address it. Culpeper Reg'l Hosp. v. Jones, 64 Va. App. 207, 212 n.2, 767 S.E.2d 236, 239 n.2 (2015).

"On appeal we give deference to the trial court's decision whether to retain or exclude a venireman, because the trial court 'sees and hears the juror.'" Moten v. Commonwealth, 14 Va. App. 956, 958, 420 S.E.2d 250, 251 (1992) (quoting Eaton v. Commonwealth, 240 Va. 236, 246, 397 S.E.2d 385, 391 (1990)).  This Court reverses a trial court's finding with regard to juror bias only when there is manifest error.  Blevins v. Commonwealth, 267 Va. 291, 297, 590 S.E.2d 365, 369 (2004).

Here, the trial court observed the prospective juror's demeanor, heard his responses, and determined that he was equivocal during *voir dire*.  We cannot say that the trial court's conclusion that the prospective juror's views about drug policy and the resultant potential bias was unsupported by the record.  Accordingly, nothing in the record demonstrates manifest error in the trial court's decision or reasoning, and therefore, the trial court did not err by granting the Commonwealth's motion to strike the juror for cause.[5]

CONCLUSION

Finding that the circuit court did not err in admitting into evidence the order book pages or in striking the prospective juror for cause, we affirm appellant's convictions for violations of Code § 18.2-248.

Affirmed.

---

[5] Because we hold that the trial court did not err in excusing the juror for cause, we need not address whether striking a juror for cause ever could constitute reversible error.  See Blakey v. Commonwealth, 182 Va. 614, 622-23, 29 S.E.2d 863, 866 (1944) (holding that the dismissal of a qualified venireman does not constitute "reversible error when another competent and qualified juror is selected in the stead of one so excluded and discharged"); State v. Mendoza, 596 N.W.2d 736, 749 (Wis. 1999) ("A defendant is entitled to fair and impartial jurors, not jurors whom he hopes will be favorable towards his position.  A defendant's rights go to those who serve, not to those who are excused."); but see, Wallace v. Commonwealth, 478 S.W.3d 291, 298 (Ky. 2015) (recognizing that the striking of a qualified juror does "not constitute a reversible abuse of discretion" *unless* there is "evidence of systematic exclusion (*e.g.*, on the basis of race or gender) that undermines the fairness of the entire jury process").